**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ASHLEIGH R. KASPER, SB# 294963
  E-Mail: Ashleigh.Kasper@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

**THOMPSON HINE LLP**
MEGAN S. GLOWACKI, (*Pro Hac Vice forthcoming*)
  E-Mail: Megan.Glowacki@ThompsonHine.com
ANTHONY P. McNAMARA, (*Pro Hac Vice forthcoming*)
  E-Mail: Anthony.McNamara@ThompsonHine.com
312 Walnut Street, Suite 2000
Cincinnati, Ohio 45202
Telephone: 513.352.6700
Facsimile: 513.241.4771

Attorneys for Defendants,
NOURYON SURFACE CHEMISTRY, LLC, THE CARLYLE GROUP, CHARLIE SHAVER, SUZANNE M. CARROLL and BAHAR AZIMIPOUR

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CRIMMINS,<br><br>  Plaintiff,<br><br>  vs.<br><br>NOURYON SURFACE CHEMISTRY, LLC, a California Limited Liability Company; THE CARLYLE GROUP, INC., a California Corporation; CHARLIE SHAVER; an Individual; ' SUZANNE M. CARROLL, an Individual; BAHAR AZIMIPOUR, an Individual;' and DOES 1 through 25, Inclusive,<br><br>  Defendant. | Case No. **'22CV58  BAS BLM**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) [DIVERSITY OF CITIZENSHIP]**<br><br>*[Filed concurrently herewith Request for Judicial Notice; Declaration of Ashleigh R. Kasper; Civil Case Cover Sheet; Notice of Party with Financial Interest (Carlyle); Notice of Party with Financial Interest (Nouryon)]* |

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF

4869-0283-2905.2

NOTICE OF REMOVAL OF CIVIL ACTION

RECORD:

PLEASE TAKE NOTICE that Defendants Nouryon Surface Chemistry LLC ("Nouryon"), The Carlyle Group, Inc. ("Carlyle"), Charlie Shaver, Suzanne M. Carroll, and Bahar Azimipour (collectively, "Defendants") hereby give notice of the removal of a civil action, Case No. 37-2021-00048405-CU-WT-CTL, from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California. Removal of this action is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 for the reasons set forth below.

## INTRODUCTION

1. On or about November 15, 2021, Plaintiff Dennis Crimmins ("Plaintiff") filed his Complaint in the above referenced action in the San Diego County, California Superior Court, where it is currently pending. (*See* Complaint, attached to the Declaration of Ashleigh R. Kasper ("Kasper Decl.") as **Exhibit 1**).

2. In the Complaint, Plaintiff alleges that Defendants wrongfully discriminated against him and terminated him because of his age and associational disability, as well as for allegedly taking or requesting various forms of paid and unpaid leave provided under California law. (Compl. at ¶ 1-2). Based on these allegations, Plaintiff seeks economic damages, non-economic damages, compensatory damages, punitive damages, attorneys' fees and costs. (*Id.* at ¶ 4).

## TIMELINESS OF REMOVAL

3. Defendant Nouryon was served with the Complaint and Summons on December 16, 2021. In accordance with 28 U.S.C. § 1446(a), copies of the Complaint and Summons received by Nouryon are attached to the Declaration of Ashleigh R. Kasper as **Exhibits 1 and 2**, respectively. The proof of service is attached to the Kasper Declaration as **Exhibit 3**. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days after the receipt of the Complaint in this action by Nouryon. (*See Id.*). Further, while not required under 28 U.S.C. § 1446(b)(2)(A) as they have not yet been served, the remaining Defendants

consent to the removal of this Action as demonstrated by their joining in the filing of this Notice.

## PLACE OF REMOVAL

4. The United States District Court for the Southern District of California is the appropriate venue for removing an action from the Superior Court of the State of California for the County of San Diego, where the state action is pending. 28 U.S.C. § 1441(a); 28 U.S.C. § 115.

## DIVERSITY OF CITIZENSHIP

5. This Court has original diversity jurisdiction under 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the real parties in interest and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Plaintiff alleges he is a resident of the State of California. (Compl. at ¶ 4). It can therefore be inferred that Plaintiff is, and was at all relevant times, domiciled in California. *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."). As such, Plaintiff is a citizen of California. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a person's domicile is where she resides with the intention to remain or to which she intends to return).

7. Defendant Carlyle is, and was at all relevant times, a Delaware corporation with its principal place of business located in Washington, D.C. (Declaration of Jeffrey W. Ferguson ("Ferguson Decl."), attached to Kasper Decl. as **Exhibit 4**, at ¶ 2). Carlyle is therefore a citizen of Delaware and the District of Columbia. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (a corporation shall be deemed a citizen of its State of Incorporation and where it has its principal place of business).

8. Defendant Nouryon Surface Chemistry LLC is a limited liability company whose sole member is Nouryon Chemicals LLC. (Declaration of Meg Jones ("Jones Decl."), attached to Kasper Decl. as **Exhibit 5**, at ¶ 2). Nouryon Chemicals

LLC is a limited liability company whose sole member is Nouryon USA LLC. (*Id.* at ¶ 3). Nouryon USA LLC is a limited liability company whose members include Nouryon US Holding 1 Inc., Nouryon US Holding 2 Inc., and Nouryon US Holding 4 Inc. Each of Nouryon USA LLC's three members are Delaware corporations with principal places of business located in Pennsylvania. (*Id.* at ¶ 4). Thus, for purposes of diversity jurisdiction, Nouryon Surface Chemistry LLC is a citizen of Delaware and Pennsylvania. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (a limited liability company is a citizen of every state of which its owners/members are citizens); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. App'x. 62, 65 (9th Cir. 2010) (finding that when an LLC's members are themselves limited partnerships or LLCs, jurisdictional allegations must "identify of what state [the members] are a citizen or whether they are composed of another layer of partnerships."); *Carden*, 494 U.S. at 196.

9. Plaintiff alleges that Defendant Charlie Shaver is, and was at all relevant times, domiciled in the Commonwealth of Pennsylvania (Compl. at ¶ 8). Charlie Shaver is therefore a citizen of Pennsylvania.

10. Plaintiff alleges that Defendant Suzanne M. Carroll is, and was at all relevant times, domiciled in the Commonwealth of Pennsylvania (Compl. at ¶ 9). Suzanne M. Carroll is therefore a citizen of Pennsylvania.

11. Plaintiff alleges that Defendant Bahar Azimipour is, and was at all relevant times, domiciled in the Commonwealth of Pennsylvania (Compl. at ¶ 10). Bahar Azimipour is therefore a citizen of Pennsylvania.

12. Accordingly, as no Defendant is a citizen of the same state as Plaintiff, there is complete diversity of citizenship between the parties.

/ / /
/ / /
/ / /
/ / /

## AMOUNT IN CONTROVERSY

13. The amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of interests and costs.[1] *See* 28 U.S.C. § 1332. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claim exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 403-404 (9th Cir. 1996).

14. While Defendant denies any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy in this case well exceeds $75,000 exclusive of interest and costs. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F. 3d 373, 376-377 (9th Cir. 1997) (holding that where a complaint does not allege a specific dollar amount, the case is removable if the removing defendant shows by a preponderance of the evidence that the jurisdictional amount is present); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (holding that a plaintiff's damage claim, including lost wages, medical expenses, and emotional distress and attorneys' fees, was enough to put the amount in controversy above $75,000).

15. Additionally, when calculating the amount in controversy for purposes of jurisdiction, district courts often include "not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal." *Celestino v. Renal Advantage Inc.*, 2007 U.S. Dist. LEXIS 33827, at *4 (N.D. Cal. Apr. 24, 2007); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-415 (9th Cir. 2018) (concluding that "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather,

---

[1] Defendants do not concede that Plaintiff is actually entitled to the amount in controversy for any of its claims, and Defendants deny that Plaintiff is entitled to any recovery.

the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious").

16. Plaintiff asserts thirteen separate causes of action against Defendants: (1) breach of contract, (2) age discrimination under the California Fair Employment and Housing Act ("FEHA"), (3) associational disability discrimination under the FEHA, (4) failure to accommodate for a disability under the FEHA, (5) failure to engage in the interactive process of accommodation under the FEHA, (6) Family and Medical Leave discrimination and retaliation under the California Family Rights Act ("CFRA"), (7) whistleblower retaliation in violation of Cal. Labor Code § 1102.5, (8) retaliation for complaints of discrimination and harassment under the FEHA, (9) kin care leave discrimination and retaliation in violation of Cal. Labor Code § 233, (10) sick leave discrimination and retaliation in violation of Cal. Labor Code § 246.5, (11) wrongful termination, (12) intentional infliction of emotional distress, and (13) negligence. (Compl. at ¶¶ 60-138). Through these causes of action, Plaintiff seeks several components of damages, including "compensatory and actual damages," punitive damages, attorney's fees, costs, declaratory and injunctive relief, and "other such relief as the court may deem proper." (Compl. at "Prayer for Relief").

17. Plaintiff specifically seeks as damages his past and future wages. (Compl., at ¶¶ 66, 71, 77, 84, 91, 101, 106, 110, 116, 123, and 128). The Court can consider lost wages up until the date of a potential trial. "If a plaintiff claims at the time of removal that her termination caused her to lose future wages . . . then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). Though no trial date has been set, courts have often found that one year from the date of removal is a "conservative estimate of the trial date" in employment cases. *See Fisher v. HNTB Corp.*, 2018 U.S. Dist. LEXIS 205323, at *13 (C.D. Cal. Dec. 3, 2018); *Beltran v. Procare Pharm., LLC*, 2020 U.S. Dist. LEXIS

26098, at *7 (C.D. Cal. Feb. 14, 2020) (finding conservative one-year prospective trial date appropriate). At the time of his termination of employment from Nouryon on February 26, 2021 (*Id*. at ¶ 57), Plaintiff's annual base salary was One Hundred Sixty-Nine Thousand Ninety-Nine Dollars ($169,099.00). (*See* Jones Decl. at ¶ 5). With respect to back pay, a period of forty-six (46) weeks has passed between Plaintiff's termination of employment and the date of this Notice's filing on January 14, 2022, meaning Plaintiff's back pay accrual currently totals $149,587.58. Plaintiff's back pay through a hypothetical trial date in January 2023 totals $318,686.58. This alone satisfies the amount-in-controversy requirement.

18.  Plaintiff also seeks as damages payment of an alleged $40,000 retention bonus. (*See* Compl. at ¶¶ 39, 52, 61, 66).

19.  In addition to lost wages and other economic damages, Plaintiff alleges that he suffers from "substantial humiliation, serious mental anguish, and emotional and physical distress" causing damages in an amount which "exceeds the jurisdictional limits of this court." (Comp. at ¶¶ 59, 71, 77, 84, 91, 101, 106, 110, 116, 123, 128, 134, 138, and Prayer for Relief.) In other words, Plaintiff's Complaint alleges, in effect, that he sustained at least $25,000 for emotional distress. *See Lamke v. Sunstate Equip. Co.*, 319 F.Supp.2d 1029, 1030-1031, 1033-1034 (N.D. Cal. 2004) (finding jurisdictional amount satisfied by adding $25,000 for emotional distress to the damages at issue because the plaintiff alleged emotional distress damages "in an amount in excess of the minimum jurisdiction" of the state court).

20.  Even though Plaintiff's Complaint alleges that he sustained emotional distress damages of at least $25,000, emotional distress damages awarded in similar employment discrimination lawsuits are oftentimes much higher and show that Plaintiff's damages for emotional distress alone could well exceed the jurisdictional minimum. For example, in *Shujun Qiu v. Three Rivers Provider Network Inc.*, 2019 Jury Verdicts LEXIS 125757, the plaintiff alleged that she had a-n employment contract, which stated that she would be provided 30 days' notice if she was to be

terminated. She alleged that she was terminated in retaliation for being a whistleblower, and that the company further violated her employment contract by terminating her without 30 days' notice. The jury awarded plaintiff $2.5 million in past and future emotional distress. (*See* Defendant's Request for Judicial Notice, **Exhibit 6**.)

21. Likewise, in *Maria Guerrero v. Able Engineering Management Co. LLC, et al.*, 2019 Jury Verdicts LEXIS 12915, the plaintiff alleged that was terminated after taking time off from work to go to doctor's appointments for her shoulder injury. She claimed that after her injury, she began to receive concocted write-ups, suspensions, unwarranted investigations, and ultimately termination. She alleged disability discrimination and retaliation. The jury awarded plaintiff $150,000 in past and future noneconomic loss.  (*See* Defendant's Request for Judicial Notice, **Exhibit 7**.)

22. Plaintiff also seeks payment of his attorney's fees. Attorneys' fees, including future attorneys' fees, must be included in the amount in controversy. *Dias*, 2021 U.S. Dist. LEXIS 108200 at *25 (citing *Fritsch v. Swift Transportation Co. of Ariz., LLC*, 889 F.3d 785, 788, 793-94 (9th Cir. 2018)). Plaintiff's claims under the FEHA (Counts 2, 3, 4, 5, and 8) and CFRA (Count 6) provide for attorneys' fees, Cal. Gov. Code § 12965, as do Plaintiff's claims under Cal. Labor Code §§ 1102.5 (Count 7 – Whistleblower Retaliation), 233 (Count 9 – Kin Care Discrimination and Retaliation), and 246.5 (Count 10 – Sick Leave Discrimination and Retaliation). *See* Cal. Lab. Code §§ 233(e), 1102.5(j). Conservatively assuming that Plaintiff's counsel charges $300 per hour,[2] attorneys' fees would total $75,000 after 250 hours of work. (*See* Kasper Decl. ¶ 9.)  Even assuming the most conservative figure of 100 hours, at

---

[2] Plaintiff's counsel in this case have previously applied for attorney fee awards using hourly rates of between $350 and $450 per hour. *See, e.g., Ketab Corp. v. Mesriani & Assocs.*, No. 2:14-cv-07241-RSWL (MRW), 2015 U.S. Dist. LEXIS 194560, *21-25 (C.D. Cal. Oct. 23, 2015).



$300 per hour, Plaintiff's alleged entitlement to attorneys' fees places at least $30,000 in controversy through this damages component.

23. Plaintiff—through his requests for "actual damages" and "other relief," seeks as an additional component of damages any and all statutory penalties which may be available to him through his various statutory claims. This includes a penalty of up to $10,000 per violation of Cal. Lab. Code § 1102.5's whistleblower protections (Count 7, Compl. at ¶¶ 103-107). Penalties are considered in determining the amount in controversy. *See Dias*, 2021 U.S. Dist. LEXIS 108200 at *24 (citing *Collier v. ULTA Salon, Cosms. & Fragrance, Inc.*, No. CV 18-8700-R, 2018 U.S. Dist. LEXIS 210526 (C.D. Cal. Dec. 12, 2018)).

24. Finally, Plaintiff also requests an unspecified amount of punitive damages. (Comp. ¶¶ 72, 78, 85, 92, 102, 107, 111, 117, 124, 129, 135, and Prayer for Relief.) In addition to compensatory damages, Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-946 (9th Cir. 2001); *Simmons* 209 F. Supp. 2d at 1033-34 (finding it proper to consider evidence from various jury verdicts to establish amount in controversy); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (SD. Iowa 1994) ("Because the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount].")

25. As with emotional distress awards, California juries have returned verdicts with substantial punitive damage awards in employment lawsuits with similar facts as those here. For example, in *Maria Guerrero v. Able Engineering Management Co. LLC, et al.*, 2019 Jury Verdicts LEXIS 12915, discussed above, the plaintiff sued for disability discrimination and retaliation. The jury awarded plaintiff $900,000 in punitive damages. (*See* Defendant's Request for Judicial Notice, **Exhibit 7**.) In *Shujun Qiu v. Three Rivers Provider Network Inc.*, 2019 Jury Verdicts LEXIS

125757, discussed *supra*, the jury awarded $400,000 in a whistleblower retaliation and breach of contract case. (*See* Defendant's Request for Judicial Notice, **Exhibit 6**.) Accordingly, Plaintiff's request for punitive damages alone also presents an amount in controversy in excess of the jurisdictional minimum.

26. As such, the amount in controversy in this matter vastly exceeds the $75,000 jurisdictional threshold, thereby establishing diversity jurisdiction over this matter.

## **PROCEDURAL COMPLIANCE**

27. All Defendants join in this Notice of Removal.

28. By filing this Notice of Removal, Defendants do no not intend to waive, and hereby reserve, any objection as to service, personal jurisdiction, and all other defenses.

29. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal to United States District Court is being filed with the Superior Court of the State of California for the County of San Diego. This Notice of Removal is being served on Plaintiff on this date.

30. In accordance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Defendants are attached as **Exhibits 1-3**.

**WHEREFORE**, Defendants remove this case to the United States District Court for the Southern District of California, being the District and Division for the county in which this action is pending, and respectfully requests that the filing of this Notice of Removal in this Court and with the Superior Court of the State of California for the County of San Diego shall effect removal of this suit to this Court, and that no further proceedings be had in this case in the Superior Court of the State of California for the County of San Diego.

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| DATED: January 14, 2022 | | Respectfully submitted, |

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Ashleigh R. Kasper
Attorneys for Defendants, NOURYON SURFACE CHEMISTRY, LLC, THE CARLYLE GROUP, CHARLIE SHAVER, SUZANNE M. CARROLL and BAHAR AZIMIPOUR

DATED: January 14, 2022     THOMPSON HINE LLP

By:     /s/ Megan S. Glowacki
Megan S. Glowacki
Anthony P. McNamara
Attorneys for Defendants, NOURYON SURFACE CHEMISTRY, LLC, THE CARLYLE GROUP, CHARLIE SHAVER, SUZANNE M. CARROLL and BAHAR AZIMIPOUR

4869-0283-2905.2

11

NOTICE OF REMOVAL OF CIVIL ACTION

# CERTIFICATE OF SERVICE

I hereby certify that, on January 14, 2022, I electronically filed the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) [DIVERSITY OF CITIZENSHIP]** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

Dated: January 14, 2022                      */s/ Ashleigh Kasper*
                                                        Ashleigh R. Kasper