**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ASHLEIGH R. KASPER, SB# 294963
  E-Mail: Ashleigh.Kasper@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

**THOMPSON HINE LLP**
MEGAN S. GLOWACKI, (*Pro Hac Vice forthcoming*)
  E-Mail: Megan.Glowacki@ThompsonHine.com
ANTHONY P. McNAMARA, (*Pro Hac Vice forthcoming*)
  E-Mail: Anthony.McNamara@ThompsonHine.com
312 Walnut Street, Suite 2000
Cincinnati, Ohio 45202
Telephone: 513.352.6700
Facsimile: 513.241.4771

Attorneys for Defendants,
NOURYON SURFACE CHEMISTRY,
LLC, THE CARLYLE GROUP,
CHARLIE SHAVER, SUZANNE M.
CARROLL and BAHAR AZIMIPOUR

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CRIMMINS,<br><br>          Plaintiff,<br><br>     vs.<br><br>NOURYON SURFACE CHEMISTRY,<br>LLC, a California Limited Liability<br>Company; THE CARLYLE GROUP,<br>INC., a California Corporation;<br>CHARLIE SHAVER; an Individual; '<br>SUZANNE M. CARROLL, an<br>Individual; BAHAR AZIMIPOUR, an<br>Individual;'and DOES 1 through 25,<br>Inclusive,<br><br>          Defendant. | Case No. **'22CV58   BAS BLM**<br><br>**DECLARATION OF ASHLEIGH R.<br>KASPER IN SUPPORT OF<br>DEFENDANTS' NOTICE OF<br>REMOVAL OF CIVIL ACTION**<br><br>*[Filed concurrently herewith Notice of<br>Removal; Request for Judicial Notice;<br>Civil Case Cover Sheet; Notice of Party<br>with Financial Interest (Carlyle);<br>Notice of Party with Financial Interest<br>(Nouryon)]* |

///

4863-0233-7033.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1        I, Ashleigh R. Kasper, declare as follows:

2        1.      I am an attorney duly admitted to practice in all of the courts of the

3  State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP,

4  attorneys of record for Defendants, NOURYON SURFACE CHEMISTRY, LLC,

5  THE CARLYLE GROUP, CHARLIE SHAVER, SUZANNE M. CARROLL and

6  BAHAR AZIMIPOUR (collectively "Defendants") herein.  The facts set forth

7  herein are of my own personal knowledge, and if sworn I could and would

8  competently testify thereto.

9        2.      Attached hereto as Exhibit 1 is a true and correct copy of the Complaint

10  in this matter which was filed in the Superior Court of California, County of San

11  Diego, Case Number 37-2021-00048405-CU-WT-CTL on November 15, 2021.

12        3.      Attached hereto as Exhibit 2 is a true and correct copy of the Summons

13  (on Complaint), Civil Case Cover Sheet, and Notice of Case Assignment and Case

14  Management Conference (Civil, scheduled for August 5, 2022) filed by Plaintiff on

15  November 15, 2021 and served on Defendant Nouryon Surface Chemistry LLC on

16  December 16, 2021.

17        4.      Attached hereto as Exhibit 3 is a true and correct copy of the Proof of

18  Service on Nouryon, filed by Plaintiff on December 23, 2021.

19        5.      Defendants The Carlyle Group, Inc., Charlie Shaver, Suzanne M.

20  Carroll, and Bahar Azimipour have not yet been served, but consent to and join

21  Defendant Nouryon Surface Chemistry LLC's Notice of Removal.  To Defendants'

22  knowledge, no other defendant(s) have been either named or served in this action.

23        6.      Attached hereto as Exhibit 4 is a true and correct copy of the

24  Declaration of Jeffrey W. Ferguson, General Counsel and Managing Director for

25  The Carlyle Group, Inc., in support of this Notice of Removal.

26        7.      Attached hereto as Exhibit 5 is a true and correct copy of the

27  Declaration of Meg Jones, General Counsel – Performance Formulations and

28  Americas for Nouryon Legal Group, in support of this Notice of Removal.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4863-0233-7033.1                                          2
DECLARATION OF ASHLEIGH R. KASPER IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION

8. I have practiced law exclusively as an employment law attorney for over eight years. Based on my experience in this field, I conservatively estimate that the amount in controversy in this case well exceeds $75,000. My estimate is based upon damages award trends in similar employment cases and my litigation experience over the years. As evidence of jury verdicts in employment law cases, attached as Exhibits 6 and 7 to Defendant's Request for Judicial Notice are true and correct copies of verdicts in California that I obtained on LexisNexis through a search for factually similar employment lawsuits.

9. Based upon my experience litigating similar disability discrimination cases and my personal and firm's experience in litigating cases against Plaintiff's counsel, I conservatively estimate Plaintiff counsel's hourly rate to be in excess of $300 per hour, and that Plaintiff's counsel will accrue at least 100 hours litigating this action through a mediation and at least 250 hours litigating the action through trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 14th day of January, 2022, at Los Angeles, California.

/s/ Ashleigh R. Kasper
Ashleigh R. Kasper


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# Exhibit 1

1  ZACHARY CANTOR (SBN 270507)
   CANTOR LAW
2  1112 Montana Avenue, Suite C
   Santa Monica, CA 90403
3  T.  310.393.6620
   F.  310.393.6680
4  W.  CantorLawyers.com
5
6  RODNEY MESRIANI (SBN 184875)
   MESRIANI LAW GROUP
7  510 Arizona Avenue
   Santa Monica, CA 90401
8  T.  310.826.6300
9  Attorneys for Plaintiff, DENNIS CRIMMINS

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/15/2021** at 06:04:21 PM

Clerk of the Superior Court
By Taylor Crandall, Deputy Clerk

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11              **FOR THE COUNTY OF SAN DIEGO**

12  DENNIS CRIMMINS, an Individual;

13              Plaintiff,

14      v.

15  NOURYON SURFACE CHEMISTRY,
16  LLC, a California Limited Liability
    Company; THE CARLYLE GROUP,
17  INC., a California Corporation;
18  CHARLIE SHAVER; an Individual;
    SUZANNE M. CARROLL, an
19  Individual; BAHAR AZIMIPOUR, an
    Individual; and DOES 1 through 25,
20  Inclusive,

21

22              Defendants.

23

24

25

26

27

28

CASE NO.  37-2021-00048405-CU-WT-CTL

**COMPLAINT FOR:**

1. **BREACH OF EMPLOYMENT CONTRACT;**
2. **AGE DISCRIMINATION;**
3. **ASSOCIATIONAL DISABILITY-BASED DISCRIMINATION;**
4. **DISABILITY-BASED ASSOCIATIONAL HARASSMENT;**
5. **FAILURE TO ACCOMMODATE DISABILITY;**
6. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS OF ACCOMMODATION OF A DISABILITY;**
7. **FAMILY AND MEDICAL LEAVE DISCRIMINATION AND RETALIATION;**
8. **WHISTLEBLOWER RETALIATION (LABOR CODE § 1102.5);**
9. **FEHA RETALIATION;**
10. **KIN CARE LEAVE DISCRIMINATION AND RETALIATION (LABOR CODE § 233);**
11. **SICK LEAVE DISCRIMINATION AND RETALIATION (LABOR CODE § 246.5);**
12. **WRONGFUL TERMINATION;**
13. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND**
14. **NEGLIGENCE.**
    **DEMAND FOR JURY TRIAL**

1

Plaintiff DENNIS CRIMMINS, by and through his counsel, claims and alleges as follows:

### SUMMARY

1.      Plaintiff DENNIS CRIMMINS (hereinafter "Plaintiff") is suing his former employer, Defendant NOURYON SURFACE CHEMISTRY, LLC (hereinafter "Defendant NOURYON" or "NSC"), Defendant THE CARLYLE GROUP, INC. (hereinafter "Defendant CARLYLE GROUP"), and its managerial and supervisory employees, including Defendant CHARLIE SHAVER (hereinafter "Defendant SHAVER"), Defendant SUZANNE M. CARROLL (hereinafter "Defendant CARROLL"), Defendant BAHAR AZIMIPOUR (hereinafter "Defendant Azimipour") (collectively as "Defendants"), for wrongful termination, age discrimination, harassment based on age, retaliation, and intentional infliction of emotional distress, among others.

2.      Throughout his employment at Defendant NSC, Plaintiff was subjected to discriminatory and harassing behavior by reason of his age. Plaintiff was harassed, singled out, and differentially treated by Defendants, and each of them, in comparison to similarly situated younger employees.

3.      Plaintiff brings this action against Defendants for economic, non-economic, compensatory, and punitive damages pursuant to Civil Code § 3294, pre-judgment interest pursuant to Code of Civil Procedure § 3291, and costs and reasonable attorneys' fees pursuant to Government Code § 12965(b) and Code of Civil Procedure section 1021.5.

### PARTIES

4.      Plaintiff is a fifty-seven (57) year old individual, who, at all times relevant to this action, resided in the County of San Diego, State of California.

5.      Plaintiff is informed, believes and thereupon alleges that Defendant NOURYON is a California Corporation, lawfully doing substantial business in the County of San Diego, State of California and was Plaintiff's employers at all times relevant herein.

6.      Plaintiff is informed and believes, and thereupon alleges, that Defendant CARLYLE GROUP is a California Corporation, lawfully doing substantial business in the County of Contra Costa, State of California and was Plaintiff's employers at all times relevant herein.

7.     Plaintiff is further informed, believes and thereupon alleges that DEFENDANTS NOURYON and CARLYLE GROUP (hereinafter collectively referred to as "Defendant Corporations") were and are Plaintiff's joint employer within the meaning of Government Code §§12926 (d), 12940 (a)(h)(1), (h)(3)(A) (i), and 12950. At all times relevant hereto, Defendant Corporations exercised, directly and indirectly, substantial control over significant aspects of the compensation, terms, conditions, or privileges of Plaintiff's employment.

8.     Plaintiff is informed and believes, and thereupon alleges, that Defendant SHAVER is the CEO and Chairman at Defendant CARLYLE GROUP, and, based upon information and belief, is a resident of the state of Pennsylvania, at all times relevant herein.

9.     Plaintiff is informed and believes, and thereupon alleges, that Defendant CARROLL is the Global Vice President of Home and Personal Care Department at Defendant NOURYON, and, based upon information and belief, is a resident of the State of Pennsylvania, at all times relevant herein.

10.     Plaintiff is informed and believes, and thereupon alleges, that Defendant AZIMIPOUR is a Regional Sales Manager at Defendant NOURYON, and, based upon information and belief, is a resident of the State of Pennsylvania, at all times relevant herein.

11.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein under fictitious names Does 1 through 25, inclusive, and for that reason sues said Defendants, and each of them, by such fictitious names. Plaintiff is informed, believes, and thereupon alleges that each of the Defendant Does 1 through 25, inclusive, is and was in some manner responsible for, participated in, or contributed to the matters and things of which Plaintiff complains herein, and in some fashion, has legal responsibility therefore. When Plaintiff ascertains the names and capacities of the fictitiously named Defendant Does 1 through 25, inclusive, Plaintiff will seek leave to amend this Complaint to set forth such facts.

12.     Plaintiff is informed, believes, and there upon alleges that each Defendant is, and at all times relevant herein was, the agent of his, or its co-defendants, and in committing the acts alleged herein, was acting within the scope of his, or its authority as such agent, and with the knowledge, permission, and consent of his, or its co-defendants.

**JURISDICTION AND VENUE**

13.    Venue is proper in this judicial district, pursuant to California Code of Civil Procedure § 395(a). Plaintiff resides there and Defendants transact business in the County of San Diego, and are within the jurisdiction of this Court for purposes of service of process.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

14.    Plaintiff timely filed a charge of discrimination with the California Department of Fair Employment and Housing ("DFEH"). The DFEH issued a Right-to-Sue Notice. Accordingly, Plaintiff has timely exhausted his administrative remedies. A true-and-correct copy of Plaintiff's Right-to-Sue Notice is attached to this complaint as Exhibit A.

15.    Any and all other prerequisites to the filing of this suit have been met.

**FACTUAL ALLEGATIONS**

16.    By this reference, Plaintiff alleges and incorporates herein each and every allegation set forth in all previous paragraphs of the Complaint.

17.    In or around February 1997, Plaintiff began working as an Account Manager for ICI's National Starch and Chemical, which was later acquired by AkzoNobel.

18.    In 2008, Plaintiff was assigned to AkzoNobel's Surface Chemistry business as an Account Manager.

19.    In or around July 2015, Plaintiff was promoted as a Sales and Marketing Manager of North America for the Surface Chemistry's Personal Care Segment. At the time, Plaintiff was responsible in managing several direct reports, distributors, and key accounts of the Surface Chemistry business.

20.    In or around October 2018, Defendant CARLYLE GROUP acquired AkzoNobel's Surface Chemistry, which then became Defendant NOURYON.

21.    Shortly thereafter, Plaintiff was assigned to more duties and responsibilities that were beyond his role as a Sales and Marketing Manager. Plaintiff's role expanded to managing key business relationships with the suppliers, including Ingredion Incorporated. Plaintiff also became part of a 2-person management team that was responsible for negotiating contracts with suppliers, Business Development, and Global Sales lead for pricing and strategy of key accounts.

22.     For over 24 years of his employment at Defendant NOURYON, Plaintiff performed his duties in a fully successful manner. Plaintiff regularly received merit-based increases and bonuses. Prior to the incidents described below, Plaintiff had never been a subject of any disciplinary action or write ups.

23.     During his time with Defendant NOURYAN, Plaintiff heard executives and managers discuss how they were frustrated with Defendants CARLYLE GROUP and SHAVER. Defendant SHAVER enforced Defendant CARLYLE GROUP's policy to push out, leave, or fire any employee over 50 years old making $200,000.00 or greater.

24.     In or around March 2019, Plaintiff's direct supervisor Jeff Jirak ("Mr. Jirak") told Plaintiff that Defendant Shaver informed a group of managers that any manager not on board with this policy can *"leave now."*

25.     In or around April 2019, Mr. Jirak severed his employment ties with Defendant NOURYON. Thus, the NOURYON's Global Leader AB Gohsh ("Mr. Gohsh") became Plaintiff's direct manager.

26.     Meanwhile, Plaintiff continued to perform his work diligently and responsibly. Plaintiff travelled over 160,000 miles on behalf of the Defendant NOURYON.

27.     In or around June 2019, Mr. Gohsh approached Plaintiff and persuaded him to stay at the company. To induce Plaintiff to accept continued employment, Mr. Gohsh offered him a retention bonus of $45,000 and a contract valid until July 15, 2020, which Plaintiff accepted.

28.     In or around December 2019, Plaintiff received an *"On-Target Rating"* for 2019 for his positive work performance. Mr. Gohsh also praised Plaintiff by saying that *"You are the best Sales Manager of the group."*

29.     In or around December 2019, following Mr. Gohsh's departure from the company, Defendant Carroll took over as the Global Vice President of both Home and Personal Care and became Plaintiff's direct manager.

30.     On or about March 1, 2020, Plaintiff's son suffered serious injuries after being hit by a drunk driver as he was standing on a sidewalk. Plaintiff immediately informed Defendant Carroll about his son's condition with a request for understanding as he needed to focus on taking care of his son.

1   Plaintiff specifically advised Defendant Carroll that he intended to continue performing his duties while

2   he was at the hospital.

3         31.    At all times moving forward Plaintiff provided the necessary information to Defendant

4   NOURYON regarding his son's medical needs for insurance purposes. Plaintiff's son was denied a

5   continuance of benefits approximately four hours before he turned the age of 26.

6         32.    Two days later, Plaintiff learned through one of the finance analysts that Defendant

7   CARROLL criticized him for missing a meeting by saying that, *"he (Plaintiff) needs to be in this*

8   *meeting or find someone who can!"* The said finance analyst called Plaintiff and conveyed Defendant

9   Carroll's hostile tone during the meeting.

10         33.    Soon thereafter, Plaintiff's coworkers warned him that Defendant CARROLL *"had it*

11   *out for [Plaintiff]"* and that she *"didn't care about what was going on with [Plaintiff's] son."* Plaintiff

12   then reached out to Defendant's Human Resources to file a complaint and was merely told he has

13   *"nothing to worry about."*

14         34.    From March 2, 2020 through April 4, 2020, Plaintiff continued working from the

15   hospital while simultaneously caring for his injured son.

16         35.    On or about April 5, 2020, when his son was released from the hospital, Plaintiff

17   continued to provide him full-time care while working remotely.

18         36.    Subsequently, when two of his subordinates took a maternity leave, Plaintiff also

19   covered all their accounts in addition to his regular duties and on top of caring for his son.

20         37.    During this time and to Plaintiff's dismay, Defendant CARROLL failed to work with or

21   compromise with Plaintiff at all. For instance, Plaintiff was instructed to attend mandatory conference

22   calls at 4:40 AM PST. When Plaintiff asked to schedule meetings at a later time, he was given a

23   resounding *"no"* as an answer.

24         38.    Plaintiff was denied the opportunity to take FMLA-qualifying leave. Plaintiff continued

25   working regularly, without accommodations, while also providing full-time care for his injured son.

26         39.    On or about July 15, 2020, during Plaintiff's mid-year review, Defendant CARROLL

27   acknowledged that Plaintiff successfully performed his job despite two of his subordinates being on

28   maternity leave on top of his personal situation. Thereafter, Defendant CARROLL informed Plaintiff

that they were eliminating his position and offered him a new role as a Channel Development Manager. Defendant CARROLL advised Plaintiff that instead of managing both people and the business, his new role would be focused on managing the business only with emphasis on distribution, key global accounts and manufacturing contracts. Defendant CARROLL also presented to Plaintiff a new retention bonus offer of $40,000, which would be paid in August 2021. At the time, Defendant CARROLL clearly indicated to Plaintiff that his new position was a lateral move.

40.     On or about August 3, 2020, Defendant AZIMIPOUR commenced her employment and became Plaintiff's immediate supervisor.

41.     To Plaintiff's dismay, Defendant AZIMIPOUR denied knowing and/or understanding the new role Defendant Carroll offered to Plaintiff. Plaintiff then asked Defendant AZIMIPOUR to confirm with the Defendants about his role to make sure that everyone was "*on the same page.*" In response, Defendant AZIMIPOUR promised Plaintiff that she would let him know by the end of the month. Meanwhile, Plaintiff continued to provide assistance to Defendant AZIMIPOUR without his role being completely defined.

42.     On or about September 3, 2020, Defendant AZIMIPOUR told Plaintiff that she needed "*more time*" to determine Plaintiff's role. Defendant AZIMIPOUR then suggested that Plaintiff's role would be more in line to a Senior Account Manager because he had the highest dollar total budget. Plaintiff expressed that it was not what Defendant CARROLL offered. Plaintiff asserted that he needed the matter to be finalized as agreed on July 15, 2020. Plaintiff then reiterated Defendant CARROLL's earlier statement about the key global accounts as part of his role. In response, Defendant AZIMIPOUR assured Plaintiff that the determination about his role would be completed by the end of the month of September.

43.     In or around September 2020, Plaintiff submitted prior approvals for the promotion of a former subordinate, Amanda Nelson ("Ms. Nelson"), who was returning from maternity leave. To Plaintiff's surprise, Defendant AZIMIPOUR lied and told Ms. Nelson that she never received any approvals from Plaintiff. This prompted Plaintiff to send another approval request, which Defendant AZIMIPOUR again denied receiving. Thus, Plaintiff sent an email to Defendant AZIMIPOUR to ensure that the latter received it.

44.     Consequently, Plaintiff noticed a pattern of false statements by Defendant AZIMIPOUR where she would deny receiving emails and/or updates from Plaintiff and reprimand him for not doing so thereafter.

45.     By the end of the September 2020, Defendant AZIMIPOUR again failed to honor Plaintiff's role as a Channel Development Manager. She instead, began treating him as a Junior Representative.

46.     Subsequently, Plaintiff complained to Defendant's Human Resources manager, Astrid Tompkins ("Ms. Tompkins"), about Defendant AZIMIPOUR's behavior. However, Ms. Tompkins refused to act on Plaintiff's reported concerns and advised Plaintiff to *"have patience with Bahar who is learning on the job."*

47.     On or about October 4, 2020, Defendant AZIMIPOUR claimed that she still had not finalized Plaintiff's role and/or accounts and added that it may be until the end of the year when she could finally do so. When Plaintiff asked Defendant AZIMIPOUR if she had read the job offer, Defendant AZIMIPOUR became visibly hostile.

48.     In or around November 2020, Plaintiff sent an email to the Defendant's HR inquiring about the short-term incentive bonus offered to the employees in 2019, which was before Defendant Carroll came on board.

49.     On or about December 4, 2020, Plaintiff met with Defendant Carroll to discuss his inquiry about the incentive bonus due to him. Thereafter, Defendant Carroll claimed that Plaintiff was paid fairly in 2019 and that he was owed nothing for the short-term incentive bonus. Plaintiff then asked about his offered role which Defendant Azimipour was still unable to fulfill. To Plaintiff's surprise, Defendant Carroll drastically changed her tune and began accusing Plaintiff of *"not doing a good job before the new role was offered."* Defendant Carroll informed Plaintiff that he would not be strategically involved with the business as previously offered. Prior to that meeting, Plaintiff had never been advised of any concerns about his work performance. Plaintiff reasonably believed that Defendants were setting him up for a negative review to justify their decision to unilaterally withdraw from the agreement. Later, Plaintiff contacted Ms. Tompkins and complained about the unfair decision.

50.     On or about December 11, 2020, Plaintiff took leave. While out on leave, Plaintiff

1   constantly received emails and/or calls from Defendant AZIMIPOUR for work-related matters.

2   51.   On or about January 14, 2021, Plaintiff again contacted Ms. Tompkins and complained

3   about the Defendant's continued failure to honor the position of Channel Development Manager, which

4   was originally offered by them. Plaintiff also complained that Defendants failed to give any

5   "comparable position" to the said role. Ms. Tompkins then informed Plaintiff that she had not yet

6   talked to Defendant Carroll about Plaintiff's December 2020 complaint.

7   52.   On or about January 22, 2021, Defendant AZIMIPOUR conducted Plaintiff's yearly

8   review on a phone conference. During the call, Defendant AZIMIPOUR praised Plaintiff for his

9   excellent work performance for the previous year. However, Defendant AZIMIPOUR proceeded to

10  give Plaintiff a negative overall rating of below target due to *"not supporting demand planning tools,*

11  *CRM updates, and VOC meetings."* Plaintiff felt extremely frustrated because these performance

12  metrics were not part of the goals initially approved by Defendant Carroll. Plaintiff expressed that he

13  intended to contact HR and appeal the negative review, the first negative review in his 24 years of

14  employment at Defendant NOURYON. Plaintiff asserted to HR that this negative performance review

15  was based on fabricated and undisclosed requirements is a clear attempt to justify the withholding of

16  his retention bonus and merit-based salary increase.

17  53.   On or about February 11, 2021, Plaintiff submitted a request for 2-days off, February 17

18  and February 18, 2021, to be with his son during a scheduled surgery.

19  54.   While on FMLA-qualifying leave, Plaintiff continued to receive calls and emails from

20  Defendant AZIMIPOUR demanding that he perform work tasks while on leave.

21  55.   On or about February 24, 2021, Plaintiff again received a call from Defendant

22  AZIMIPOUR asking about a distributor move. Plaintiff then explained that he had already discussed

23  with her and the senior team about the said matter. To Plaintiff's further surprise, Defendant

24  AZIMIPOUR claimed that it was no longer his job to call the distributors. Plaintiff expressed that it

25  was news to him because it was part of the role that Defendant Carroll offered to him. However,

26  Defendant AZIMIPOUR was adamant that Plaintiff not to talk to the distributors until she could *"think*

27  *about it."*

28  56.   Later, Plaintiff contacted Ms. Tompkins and complained about Defendant

1  AZIMIPOUR's conduct. Plaintiff expressed that he felt being discriminated against as not only an older

2  employee and because of his association with his disabled son.

3        57.    On or about February 26, 2021, two days after Plaintiff's complaint to the Defendant's

4  HR, Defendants proceeded to terminate Plaintiff's employment.

5        58.    Ultimately, Plaintiff's employment with Defendant NOURYON was unlawfully

6  terminated without real, substantial, and compelling reason.

7        59.    Due to Plaintiff's sudden and wrongful termination, Plaintiff has suffered, and continues

8  to suffer, severe emotional distress, including, but not limited to, emotional distress, anxiety, and

9  mental suffering.

10  

**FIRST CAUSE OF ACTION**

11  

**BREACH OF EMPLOYMENT CONTRACT**

12  

**AGAINST DEFENDANT NOURYON AND DOES 1 – 25**

13        60.    Plaintiff alleges and incorporates herein by this reference each and every allegation set

14  forth in all previous paragraphs of the Complaint.

15        61.    Based on the express representations, promises and conduct of Defendants. Plaintiff had

16  an employment contract with Defendant. The terms of this agreement were that Plaintiff would work as

17  a Channel Development Manager and that he would be paid a retention bonus.

18        62.    At all times, Plaintiff fulfilled his duties and conditions under the employment

19  relationship and was ready, willing and able to continue performing them in a competent and

20  satisfactory manner.

21        63.    Defendant NOURYON breached the employment contract with Plaintiff by, among

22  other things wrongfully terminating Plaintiff's employment.

23        64.    Plaintiff reasonably expected that Defendant NOURYON would apply its own policies

24  and procedures and those mandated by law in a manner that would afford Plaintiff the protection of

25  Defendant's policies and procedures, if Defendant believed there was cause to discharge Plaintiff.

26        65.    Defendant NOURYON violated the employment contract with Plaintiff by discharging

27  him intentionally, maliciously, without probable cause, in bad faith and for a reason extraneous to the

28  employment relationship.

66.     As a proximate result of Defendant NOURYON's violation of the employment contract with Plaintiff, Plaintiff has suffered and continues to suffer loss of past and future wages, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages, the exact amount and nature of such loss is presently unknown to Plaintiff, who will either seek leave to amend this complaint upon ascertaining such information, or will prove same at the time of trial.

## SECOND CAUSE OF ACTION

## AGE DISCRIMINATION

## AGAINST DEFENDANT NOURYON, CARLYLE GROUP, AND DOES 1 – 25

67.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

68.     Plaintiff was at all times hereto an "employee" within the meaning of California Government Code § 12926(c) and California Government Code § 12940(a) and (c), which prohibit age discrimination in employment.

69.     Defendants NOURYON and CARLYLE GROUP were at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of California Government Code § 12940(a) and (c) and, as such, was barred from discriminating or retaliating in employment decisions on the basis of age as set forth in California Government Code § 12940.

70.     Defendants NOURYON and CARLYLE GROUP discriminated against Plaintiff on the basis of his age in violation of California Government Code § 12940(a) and (c), Article I of the California Constitution and related statutes by engaging in the course of conduct more fully set forth in the General Allegations stated above.

71.     As a result of Defendant's unlawful discrimination against Plaintiff, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, all on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceeds the jurisdictional limits of this court, but are presently unknown to Plaintiff, who

1    will either seek leave to amend this Complaint upon ascertaining such information, or prove the same at

2    the time of trial.

3          72.    As more fully set forth above, the age discrimination by Defendants NOURYON and

4    CARLYLE GROUP were committed intentionally, maliciously, wantonly, and oppressively, with a

5    conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff

6    so as to cause the injuries sustained by Plaintiff, which acts amounted to oppression and malice, as

7    described in California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary

8    damages in an amount sufficient to punish and make an example out of Defendant.

9                              **THIRD CAUSE OF ACTION**

10                  **ASSOCIATIONAL DISABILITY DISCRIMINATION**

11          **AGAINST DEFENDANT NOURYON, CARLYLE GROUP AND DOES 1 – 25**

12         73.    Plaintiff alleges and incorporates herein by this reference each and every allegation set

13    forth in all previous paragraphs of the Complaint.

14         74.    Plaintiff was at all times hereto an "employee" within the meaning of California

15    Government Code § 12926(c) and California Government Code §§ 12940(a) and (c) and §12926(o),

16    which prohibit associational disability discrimination in employment.

17         75.    Defendants were at all material times an "employer" as defined by California

18    Government Code § 12926(d) and within the meaning of California Government Code §§ 12940(a) and

19    (c) and, as such, was barred from discriminating in employment decisions on the basis of disability or

20    association with someone having a disability, as set forth in California Government Code § 12940 and

21    §12926(o).

22         76.    Defendants have discriminated against Plaintiff on the basis of disability in violation of

23    California Government Code §§ 12940(a) and (c), 12926(o), Article I of the California Constitution and

24    as per Castro-Ramirez v. Dependable Highway Express Inc. (2016) 2 Cal. App. 5th 1028, by engaging

25    in the course of conduct more fully set forth in the General Allegations and all paragraphs stated above.

26         77.    As a result of Defendants' unlawful discrimination against Plaintiff, Plaintiff have

27    suffered and continues to suffer (a) substantial humiliation, serious mental anguish, emotional and

28    physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities,

1    on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of

2    such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who

3    will either seek leave to amend this Complaint upon ascertaining such information, or will prove the

4    same at the time of trial.

5          78.    As more fully set forth above, the disability discrimination by Defendants were

6    committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious

7    disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to

8    cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as

9    described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary

10   damages in an amount sufficient to punish and make an example out of Defendant.

11                               **FOURTH CAUSE OF ACTION**

12                          **FAILURE TO ACCOMMODATE DISABILITY**

13          **AGAINST DEFENDANT NOURYON, CARLYLE GROUP AND DOES 1 – 25**

14          79.    Plaintiff alleges and incorporates herein by this reference each and every allegation set

15   forth in all previous paragraphs of the Complaint.

16          80.    Plaintiff at all times hereto was an "employee" within the meaning of California

17   Government Code § 12926(c) and California Government Code §§12940 (a) and (c), which prohibit

18   pregnancy, disability/medical condition harassment/discrimination in employment.

19          81.    Defendants were at all material times an "employer" within the meaning of California

20   Government Code §12926(d) and California Government Code §§12940(a) and (c), and, as such, was

21   barred from harassing/discriminating against Plaintiff on the basis of his association with a person with

22   disability, as set forth in California Government Code §12940.

23          82.    At the time of Plaintiff's employment with Defendants, his son was suffering from a

24   condition that substantially limits his major life activities.

25          83.    Despite having knowledge of Plaintiff's situation, Defendants failed to provide Plaintiff

26   with a reasonable accommodation for the above condition.

27          84.    As a proximate result of Defendants' failure to accommodate Plaintiff, Plaintiff has

28   suffered (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of

1 | past and future earnings, and employment benefits and opportunities; all on account of which Plaintiff
2 | is entitled to compensatory damages. The amount and nature of such damages exceed the jurisdictional
3 | limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this
4 | Complaint upon ascertaining such information, or will prove the same at the time of trial.

5 | 85. As more fully set forth above, Defendant NOURYON's failure to accommodate
6 | Plaintiff's known serious health conditions was committed intentionally, maliciously, wantonly, and
7 | oppressively with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, punish,
8 | and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression
9 | and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or
10 | exemplary damages in an amount sufficient to punish and make an example out of Defendant.

11 | **FIFTH CAUSE OF ACTION**

12 | **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS OF ACCOMMODATION**

13 | **AGAINST DEFENDANT NOURYON, CARLYLE GROUP AND DOES 1 – 25**

14 | 86. Plaintiff alleges and incorporates herein by this reference each and every allegation set
15 | forth in all previous paragraphs of the Complaint.

16 | 87. Plaintiff was at all times hereto an "employee" within the meaning of California
17 | Government Code § 12926(c) and California Government Code §§12940(a) and (c), which prohibit
18 | associational harassment/discrimination in employment.

19 | 88. Defendants were at all material times an "employer" within the meaning of California
20 | Government Code §12926(d) and California Government Code § 12940(a) and (c) and, as such, was
21 | barred from harassment/discrimination of Plaintiff on the basis of his association with a person with
22 | disability, as set forth in California Government Code §12940.

23 | 89. At the time of Plaintiff's employment with Defendants, his son was suffering from a
24 | condition that substantially limited his major life activities.

25 | 90. Despite having notice of Plaintiff's condition, and notice of Plaintiff's request for a
26 | reasonable accommodation, Defendants failed to engage in a timely, good faith, interactive process
27 | with Plaintiff to determine effective reasonable accommodations in violation of California Government
28 | Code § 12940(n).

**COMPLAINT**

91.     As a result of Defendants' failure to engage in the interactive process of accommodation, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

92.     As more fully set forth above, Defendants' failure to engage in the interactive process to accommodate Plaintiff was committed intentionally, maliciously, wantonly, and oppressively, with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendant.

<u>SIXTH CAUSE OF ACTION</u>

**FAMILY AND MEDICAL LEAVE DISCRIMINATION AND RETALIATION**

**AGAINST DEFENDANT NOURYON, CARLYLE GROUP AND DOES 1 – 25**

93.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

94.     Under the Fair Employment and Housing Act ("FEHA"), Government Code §12940 et seq., and more specifically, the California Family Rights Act ("CFRA") as well as FMLA, it is an unlawful employment practice for an employer to refuse to grant a request by any employee to take up to 12 workweeks in any 12 month period for family and medical leave.  It is an unlawful employment practice for the employer to fail to guarantee, to each employee taking family or medical leave employment in the same or comparable position at the end of the family or medical leave.  It is an unlawful employment practice for an employer to refuse to hire, to discharge, fine, suspend, expel, discrimination or harass an employee because of an employee's exercise of the right to family care and medical leave.

95.     At all times mentioned in this complaint, Defendants were an employer and employed

1    more than 50 employees in a 75 mile radius of plaintiff's place of work.

2        96.    Plaintiff's protected status under the FEHA is Plaintiff's exercise of and/or attempts to

3    exercise family and/or medical leave rights, and/or Plaintiff giving information and/or testimony in an

4    inquiry and/or proceedings related to rights guaranteed under the California Family Rights Act.

5    Plaintiff complied with all applicable notice requirements, if any, of Defendants, and of the California

6    Family Rights Act.

7        97.    Defendants knew, perceived, and/or believed that Plaintiff had the aforementioned

8    protected status, described hereinabove.

9        98.    Defendants failed and refused to comply with the California Family Rights Act, as

10   described hereinabove. Defendants failed to guarantee Plaintiff's employment in the same or

11   comparable position at the end of family or medical leave; and/or refused to hire, discharged, fined,

12   suspended, expelled, demoted, constructively discharged, refused to promote, failed to reinstate,

13   discriminated against and/or harassed Plaintiff because of Plaintiff's exercise of and/or attempts to

14   exercise family and/or medical leave rights under the California Family Rights Act.

15       99.    Plaintiff's exercise of his medical leave rights due to serious health condition was a

16   motivating factor in Defendants aforementioned decisions that were adverse to Plaintiff.

17       100.   As a direct, legal, and proximate cause of Plaintiff's aforementioned protected status,

18   Defendants discriminated and harassed Plaintiff by engaging in the course of conduct set forth in the

19   General Allegations and all paragraphs stated above, amongst other things.

20       101.   As a result of Defendants' above referenced discrimination, harassment, and retaliation,

21   Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and

22   emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and

23   opportunities, on account of which Plaintiff is entitled to compensatory damages.  The exact amount

24   and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to

25   Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or

26   will prove the same at the time of trial.

27       102.   As more fully set forth above, Defendants' above referenced discrimination, harassment,

28   and retaliation was committed intentionally, maliciously, wantonly, and oppressively, with a conscious

1   disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to

2   cause the injuries sustained by Plaintiff.  Such acts amounted to oppression and malice, as described in

3   California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an

4   amount sufficient to punish and make an example out of Defendants.

5                                    **SEVENTH CAUSE OF ACTION**

6   **WHISTLEBLOWER RETALIATION IN VIOLATION OF LABOR CODE § 1102.5**

7   **AGAINST DEFENDANT NOURYON, CARLYLE GROUP AND DOES 1 – 25**

8        103.    Plaintiff alleges and incorporates herein by this reference each and every allegation set

9   forth in all previous paragraphs of the Complaint.

10  104. Plaintiff was wrongfully discharged for his whistle-blowing action, in violation of California

11       Labor Code §§ 1102.5. Specifically, Plaintiff was retaliated against and terminated because he

12       reported and/or refused to participate in Defendants' unlawful and illegal practices.

13  105. By wrongfully discharging Plaintiff, without cause or justification, and for the retaliatory

14       reasons set forth above, Defendants acted willfully and with malice towards Plaintiff.

15  106. As a direct and proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff

16       suffered (a) humiliation, serious mental anguish, and emotional and physical distress to his

17       damage in a sum yet to be ascertained and (b) loss of past and future wages, and employment

18       benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages, the

19       exact amount and nature of such loss which is presently unknown to Plaintiff, who will either

20       seek leave to amend this Complaint upon ascertaining such information, or will prove same at the

21       time of trial.

22  107. As more fully set forth above, the retaliation by Defendants was done intentionally, maliciously,

23       wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff' rights and with

24       the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by

25       Plaintiff, within the meaning of California Civil Code § 3294.  Plaintiff is therefore entitled to

26       punitive or exemplary damages in an amount sufficient to punish and make an example out of

27       Defendants.

28  //

**EIGHTH CAUSE OF ACTION**

**RETALIATION FOR COMPLAINTS OF DISCRIMINATION AND HARASSMENT**

**AGAINST DEFENDANT NOURYON, CARLYLE GROUP AND DOES 1 – 25**

108.     Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

109.     In violation of California Government Code § 12940(h), Defendants retaliated against Plaintiff by terminating Plaintiff's employment after he reported the seemingly increasing events of discrimination and harassment against his, as more fully set forth in the General Allegation and all paragraphs stated above, among other things.

110.     As a direct and proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff suffered and continues to suffer substantial (a) humiliation, serious mental anguish and emotional and physical distress; and (b) loss of past and future wages, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages, the exact amount and nature of which exceeds the jurisdictional limits of this court but is presently unknown to Plaintiff, who will either seek leave to amend this complaint upon ascertaining such information, or will prove the same at the time of trial.

111.     As more fully set forth above, Defendants' retaliatory actions were willful, wanton, malicious, and oppressive and committed with the intent to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendant.

**NINTH CAUSE OF ACTION**

**KIN CARE LEAVE DISCRIMINATION AND RETALIATION**

**IN VIOLATION OF LABOR CODE § 233**

**AGAINST DEFENDANT NOURYON, CARLYLE GROUP AND DOES 1 – 25**

112.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

113.     Plaintiff was at all times hereto an "employee" within the meaning of California Government Code § 12926(c) and California Government Code § 12940(a) and (c), which prohibit

disability-based associational discrimination in employment.

114.   Defendant NOURYON was at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of California Government Code § 12940(a) and (c) and, as such, was prohibited from harassing or retaliating in employees for using or attempting to use sick leave that accrued during six months for a reason allowed under section 246.5 set forth in California Labor Code § 233.

115.   Defendants harassed Plaintiff for using or attempting to use sick leave that accrued during six months for a reason allowed under section 246.5, in violation of California Labor Code § 233, Article I of the California Constitution and related statutes by engaging in the course of conduct more fully set forth in the General Allegations stated above.

116.   As a result of Defendants' unlawful harassment of Plaintiff, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, all on account of which Plaintiff is entitled to compensatory damages.  The exact amount and nature of such damages exceeds the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

117.   As more fully set forth above, the disability harassment by Defendants was committed intentionally, maliciously, wantonly, and oppressively with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, which acts amounted to oppression and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

## TENTH CAUSE OF ACTION

### SICK LEAVE DISCRIMATION AND RETALIATION

### AGAINST DEFENDANT NOURYON, CARLYLE GROUP AND DOES 1 – 25

118.   Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

119. Plaintiff was at all times hereto an "employee" within the meaning of California Government Code § 12926(c) and California Government Code § 12940(a) and (c), which prohibit disability-based associational discrimination in employment.

120. Defendant NOURYON was at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of California Government Code § 12940(a) and (c) and, as such, was prohibited from denying an employee the right to use accrued sick days set forth in California Labor Code § 246.5.

121. Individual Defendant CARROLL was a managerial and/or supervisory employee of Defendants who had a duty to Plaintiff to refrain from discrimination and harassment and to take all reasonable steps to prevent and correct unlawful discrimination and harassment in the workplace.

122. Defendants harassed/discriminated against Plaintiff for using his accrued sick days, in violation of California Labor Code § 246.5, Article I of the California Constitution and related statutes by engaging in the course of conduct more fully set forth in the General Allegations stated above.

123. As a result of Defendants' unlawful harassment of Plaintiff, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, all on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceeds the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

124. As more fully set forth above, the disability harassment by Defendants was committed intentionally, maliciously, wantonly, and oppressively, with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, which acts amounted to oppression and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

\\

\\

**ELEVENTH CAUSE OF ACTION**

**WRONGFUL TERMINATION**

**AGAINST DEFENDANT NOURYON, CARLYLE GROUP AND DOES 1 – 25**

125.    Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

126.    Defendants violated the Fair Employment and Housing Act (FEHA), California Government Code § 12940 et seq. by wrongfully terminating Plaintiff's employment because of his age and disability.

127.    The aforementioned acts of Defendants constitute wrongful termination in violation of public policy.

128.    As a result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer from (a) substantial humiliation, serious mental anguish, emotional and physical distress, (b) loss of past and future earnings, employment benefits and opportunities, which Plaintiff is entitled to as compensatory damages.  The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

129.    As more fully set forth above, the acts of Defendants were intentional, malicious, wanton, and oppressive, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

**TWELFTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**AGAINST ALL DEFENDANTS**

130.    Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

131.    Defendants engaged in age and disability discrimination, harassment and retaliation against Plaintiff, and aided and abetted each other in engaging in illegal discrimination harassment, and

21

**COMPLAINT**

1  retaliation thereby subjecting Plaintiff to the intentional infliction of emotional distress caused by such

2  discrimination and harassment in violation of California Government Code § 12940.

3      132.    Defendants failed to take immediate and appropriate remedial action to respond to

4  Plaintiff's complaints of discrimination and harassment.   Instead, Defendant NOURYON ignored

5  Plaintiff's request that the behavior be dealt with and allowed Plaintiff to be subjected to retaliatory

6  action.

7      133.    The acts of Defendants as described herein were extreme and outrageous and an abuse

8  of the authority and position of Defendants, and each of them.   Such conduct was intended to cause

9  severe emotional distress, or was done with conscious disregard for the probability of causing such

10  distress.   Such conduct exceeded the inherent risks of employment and was not the sort of conduct

11  normally expected to occur in the workplace.   Defendant NOURYON and their employees, the above-

12  named individual Defendants, abused their positions of authority toward Plaintiff, and engaged in

13  conduct intended to humiliate Plaintiff and convey the message that he were powerless to defend his

14  rights.

15      134.    As a proximate result of the aforementioned acts, Plaintiff has suffered embarrassment,

16  anxiety, humiliation, serious mental anguish, and emotional and physical distress.   Plaintiff will

17  continue to suffer damages in a sum that exceeds the jurisdictional limits of this court, but is yet to be

18  ascertained.   Plaintiff will either seek leave to amend this Complaint upon ascertaining such

19  information, or will prove the same at the time of trial.

20      135.    As more fully set forth above, the acts of Defendants were intentional, malicious,

21  wanton, and oppressive, with conscious disregard for Plaintiff's rights and with the intent to vex, injure,

22  punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of

23  California Civil Code § 3294.   Plaintiff is therefore entitled to punitive or exemplary damages in an

24  amount sufficient to punish and make an example out of Defendants.

25  **THIRTEENTH CAUSE OF ACTION**

26  **NEGLIGENCE**

27  **AGAINST ALL DEFENDANTS**

28      136.    Each of the above paragraphs contained in this Complaint is hereby incorporated by

22
COMPLAINT

reference at this point as if set forth herein full at length.

137.    In carrying out the above conduct, Defendants, and their employees and agents, breached the duty owed to Plaintiff to provide a workplace free from discrimination, harassment, and retaliation, and abused their positions of authority towards Plaintiff. Defendants also failed to use reasonable care toward Plaintiff in welfare and safety. Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace.

138.    Defendants, and their employees and agents knew, or should have known that the above conduct would cause Plaintiff serious emotional distress. As a proximate result of Defendants negligent conduct, Plaintiff suffered and will continue to suffer extreme humiliation, embarrassment, anxiety, mental anguish, and emotional distress in an amount according to proof.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     Compensatory and actual damages in an amount to be proven at the time of trial;

2.     For costs of the suit incurred herein;

3.     For punitive and exemplary damages in an amount to be proven at the time of trial;

4.     For reasonable attorneys' fees under the California Labor Code and all related statutes, including Cal. Labor Code § 1102.5, California Government Code § 12965(b); and Cal. Code of Civil Procedure § 1021;

5.     For pre- and post-judgment interest at the prevailing statutory rates;

6.     A declaratory judgment that the practices complained of in this Complaint are unlawful under California law;

7.     An injunction against Defendants, their officers, agents, successors, employees, representatives, and any and all person acting in concert with them from engage in each of the practices complained of in this Complaint; and

8.     For such other relief as the court may deem proper.

1

## DEMAND FOR JURY TRIAL

2
Plaintiff hereby demands a jury trial for the causes of action set forth herein.

3

4
Dated: November 11, 2021

CANTOR LAW
A PROFESSIONAL LAW CORPORATION

5

6
By: _____

7
ZACHARY CANTOR, ESQ.,
Attorney for Plaintiff DENNIS CRIMMINS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

August 3, 2021

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202108-14357103
      Right to Sue: Crimmins / NOURYON SURFACE CHEMISTRY, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

August 3, 2021

Dennis Crimmins
955 Hymettus Ave.
Encinitas, California 92024

RE:   **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202108-14357103
        Right to Sue: Crimmins / NOURYON SURFACE CHEMISTRY, LLC et al.

Dear Dennis Crimmins:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 3, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Dennis Crimmins                                      DFEH No. 202108-14357103

                            Complainant,

vs.

NOURYON SURFACE CHEMISTRY, LLC
525 W. Van Buren Street
Chicago, Illinois 60607

THE CARLYLE GROUP, INC.
9073 NEMO ST
WEST HOLLYWOOD, California 90069

SUZANNE CARROLL
525 W. Van Buren Street
Chicago, Illinois 60607

BAHAR AZIMIPOUR
525 W. Van Buren Street
Chicago, Illinois 60607

                            Respondents

_____

1. Respondent **NOURYON SURFACE CHEMISTRY, LLC** is an **employer NOURYON SURFACE CHEMISTRY, LLC** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **THE CARLYLE GROUP, INC.** business as Co-Respondent(s). Complainant is naming **SUZANNE CARROLL** individual as Co-Respondent(s). Complainant is naming **BAHAR AZIMIPOUR** individual as Co-Respondent(s).

3. Complainant **Dennis Crimmins**, resides in the City of **Encinitas**, State of **California**.

4. Complainant alleges that on or about **February 26, 2021**, respondent took the following adverse actions:

-1-
*Complaint – DFEH No. 202108-14357103*

Date Filed: August 3, 2021

**Complainant was harassed** because of complainant's disability (physical or mental), age (40 and over), other, family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's disability (physical or mental), age (40 and over), other, family care or medical leave (cfra) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability, denied work opportunities or assignments, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied family care or medical leave (cfra).

**Additional Complaint Details:** The Complainant was denied of a work environment free from discrimination and harassment on the basis of the following protected categories, including but not limited to: age, disability, association with member of protected class. He was differentially treated than similarly-situated non-disabled, younger employees.

At all times relevant, herein Respondents, NOURYON SURFACE CHEMISTRY, LLC., et al. failed to prevent, correct, and/or remedy the Complainant's situation despite his complaints. They also failed to accommodate the Complainant's disability and to engage in the interactive process of accommodation of a disability. Instead, the Complainant was retaliated against for complaining about the harassment. The Complainant was ultimately wrongfully terminated because of his protected characteristics as mentioned above.

-2-
*Complaint – DFEH No. 202108-14357103*

Date Filed: August 3, 2021

1  VERIFICATION

2  I, **Rodney Mesriani**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
   On August 3, 2021, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                          **Santa Monica, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                              -3-
27  _____
                            *Complaint – DFEH No. 202108-14357103*
28  Date Filed: August 3, 2021

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ZACHARY CANTOR (SBN 270507)
CANTOR LAW
1112 Montana Avenue, Suite C
Santa Monica, CA 90403
TELEPHONE NO.: 310.393.6620      FAX NO.: 310.393.6680
ATTORNEY FOR *(Name):* Plaintiff DENNIS CRIMMINS

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/15/2021** at 06:04:21 PM

Clerk of the Superior Court
By Taylor Crandall, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME:
CRIMMINS v. NOURYON SURFACE CHEMISTRY, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | 37-2021-00048405-CU-WT-CTL |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded $25,000 or less) | [ ] Counter  [ ] Joinder | |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Eddie C Sturgeon  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 14
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/15/21

Zachary Cantor, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7067 |

| PLAINTIFF(S) / PETITIONER(S): | Dennis Crimmins |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): Nouryon Surface Chemistry LLC et.al. |
|---|

CRIMMINS VS NOURYON SURFACE CHEMISTRY LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: |
|---|---|
| | 37-2021-00048405-CU-WT-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: Eddie C Sturgeon                              Department: C-67

## COMPLAINT/PETITION FILED: 11/15/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/05/2022 | 10:30 am | C-67 | Eddie C Sturgeon |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

Exhibit 2



**null / ALL**
**Transmittal Number: 24212734**
**Date Processed: 12/16/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Kumiko Jovanovich<br>Nouryon Chemicals LLC<br>131 S Dearborn St<br>Ste 1000<br>Chicago, IL 60603-5566 |
| **Electronic copy provided to:** | Robin LePore |

| | |
|---|---|
| **Entity:** | Nouryon Surface Chemistry LLC<br>Entity ID Number  3520319 |
| **Entity Served:** | Nouryon Surface Chemistry, LLC |
| **Title of Action:** | Dennis Crimmins vs. Nouryon Surface Chemistry, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | San Diego County Superior Court, CA |
| **Case/Reference No:** | 37-2021-00048405-CU-WT-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/16/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Cantor Law<br>310-393-6620 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**    "Additional Parties
*(AVISO AL DEMANDADO):*    Attachment form is attached."
NOURYON SURFACE CHEMISTRY, LLC, a California Limited Liability Company; THE CARLYLE GROUP, INC., a California Corporation; CHARLIE SHAVER; an Individual;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DENNIS CRIMMINS, an Individual;

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/15/2021** at 06:04:21 PM

Clerk of the Superior Court
By Taylor Crandall, Deputy Clerk

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*  San Diego Superior Court
330 W. Broadway
San Diego, CA 92101

</td><td>

37-2021-00048405-CU-WT-CTL

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ZACHARY CANTOR (SBN 270507), 1112 Montana Avenue, Suite C, Santa Monica, CA 90403

<table>
<tr><td>

DATE:
*(Fecha)*   11/16/2021

</td><td>Clerk, by
*(Secretario)*</td><td>T. Ceandaee
T. Crandall</td><td>, Deputy
*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

<table>
<tr><td>

[SEAL]

</td><td>

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ]  as an individual defendant.
2. [ ]  as the person sued under the fictitious name of *(specify):*

3. [✓]  on behalf of *(specify):* Nouryon Surface Chemistry, LLC, a California Limited Liability Company

under: [ ]  CCP 416.10 (corporation)         [ ]  CCP 416.60 (minor)
       [ ]  CCP 416.20 (defunct corporation)  [ ]  CCP 416.70 (conservatee)
       [✓]  CCP 416.40 (association or partnership)  [ ]  CCP 416.90 (authorized person)
       [ ]  other *(specify):*
4. [ ]  by personal delivery on *(date)*

</td></tr>
</table>

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

SUM-200(A)

| SHORT TITLE:                                              | CASE NUMBER: |
| CRIMMINS v. NOURYON SURFACE CHEMISTRY, LLC, et al.       |              |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

SUZANNE M. CARROLL, an Individual; BAHAR AZIMIPOUR, an Individual; and DOES 1 through 25, Inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit 3

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Zachary Cantor, Esq. | SBN: 270507
Cantor Law
1112 Montana Ave. Suite C Santa Monica, CA 90403

TELEPHONE NO.: (310) 393-6620 | FAX NO. (310) 393-6680
E-MAIL ADDRESS
ATTORNEY FOR *(Name):* Plaintiff: Dennis Crimmins, an Individual;

FOR COURT USE ONLY

**SAN DIEGO COUNTY SUPERIOR COURT**

STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: SAN DIEGO - HALL OF JUSTICE

| | |
|---|---|
| PLAINTIFF: **Dennis Crimmins, an Individual** | CASE NUMBER:<br>**37-2021-00048405-CU-WT-CTL** |
| DEFENDANT: **Nouryon Surface Chemistry, LLC, a California Limited Liability Company; et.al.** | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**Crimmins** |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **Notice of Case Assignment and Case Management Conference; Notice of E-Filing Requirements and Imaged Documents.**

3. a. Party served *(specify name of party as shown on documents served):*
   **Nouryon Surface Chemistry, LLC, a California Limited Liability Company**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **CSC - Lawyers Incorporating Service - Registered Agent for Service of Process**
   **Age: 31-35 Weight: 260 Hair: Black Sex: Female Height: 6'0" Eyes: Brown Race: African American**

4. Address where the party was served: **CSC - Lawyers Incorporating Service**
   **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **12/16/2021**  (2) at *(time):* **2:17 PM**

   b. ☐ **by substituted service.** On *(date):* at  *(time):* I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):* from *(city):*  **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS010-1/243375

PETITIONER: **Bonnie Crimmins, an individual**

RESPONDENT: **Nouryon Surface Chemistry, LLC, a California Limited Liability Company; et.al.**

CASE NUMBER:
**37-2021-00048405-CU-WT-CTL**

c. ☐ **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                      (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐  as an individual defendant.

  b. ☐  as the person sued under the fictitious name of  *(specify):*

  c. ☐  as occupant.

  d. ☑  On behalf of  *(specify):* **Nouryon Surface Chemistry, LLC, a California Limited Liability Company**
     under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)                ☐ 415.95 (business organization, form unknown)

      ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)

      ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

      ☑ 416.40 (association or partnership)      ☐ 416.90 (authorized person)

      ☐ 416.50 (public entity)               ☐ 415.46 (occupant)

                                    ☐ other:

7. **Person who served papers**

  a. Name:  **Krystalyn Souza - ON-CALL LEGAL**

  b. Address:  **2476 Overland Avenue, Third Floor  Los Angeles, CA 90064**

  c. Telephone number:  **(310) 858-9800**

  d. **The fee** for service was: **$ 155.23**

  e. I am:

    (1) ☑  not a registered California process server.

    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐  registered California process server:

       (i) ☐ owner   ☐ employee   ☐ independent contractor.

       (ii) Registration No.: **PS-047**

       (iii) County:  **Yuba**

8. ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **12/21/2021**

**ON-CALL LEGAL**
**2476 Overland Avenue, Third Floor**
**Los Angeles, CA 90064**
**(310) 858-9800**
**www.OnCallLegal.com**

_____
        **Krystalyn Souza**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

Exhibit 4

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **DENNIS CRIMMINS,** | ) | **Case No.** |
| | ) | |
| **Plaintiff,** | ) | **Judge** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NOURYON SURFACE CHEMISTRY,** | ) | |
| **LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DECLARATION OF JEFFREY W. FERGUSON IN SUPPORT OF NOTICE OF REMOVAL

I, Jeffrey W. Ferguson, in accordance with 28 U.S.C. § 1746, declare as follows:

1.     I am General Counsel & Managing Director for The Carlyle Group, Inc. ("Carlyle"). I am over twenty-one years of age and am competent to give this Declaration, which is based upon personal knowledge, information, and belief, or information I know to be trued based on my position with Carlyle. I give this Declaration in connection with the captioned case and for no other purpose.

2.     Carlyle is incorporated in the State of Delaware and maintains its principal place of business in Washington, DC.

3.     In October 2018, multiple private equity investment funds that are managed by direct and/or indirect subsidiaries of Carlyle acquired Akzo Nobel N.V.'s Specialty Chemicals business and subsequently renamed it "Nouryon." Defendant Nouryon Surface Chemistry, LLC is a wholly owned subsidiary of the Nouryon parent entity that was acquired by Carlyle-managed private equity investment funds.

4.     I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of December, 2021.

_____

JEFFREY W. FERGUSON

Exhibit 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **DENNIS CRIMMINS,** | ) | **Case No.** |
| | ) | |
| **Plaintiff,** | ) | **Judge** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NOURYON SURFACE CHEMISTRY** | ) | |
| **LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**DECLARATION OF MEG JONES IN SUPPORT OF NOTICE OF REMOVAL**</u>

I, Meg Jones, in accordance with 28 U.S.C. § 1746, declare as follows:

1.      I am General Counsel – Performance Formulations and Americas for Nouryon Legal Group. I am over twenty-one years of age and am competent to give this Declaration, which is based upon personal knowledge, information, and belief, or information I know to be trued based on my position with Nouryon Legal Group. I give this Declaration in connection with the captioned case and for no other purpose.

2.      Nouryon Surface Chemistry LLC is a limited liability company whose sole member is Nouryon Chemicals LLC.

3.      Nouryon Chemicals LLC is a limited liability company whose sole member is Nouryon USA LLC.

4.      Nouryon USA LLC is a limited liability company whose members include:

    a.   Nouryon US Holding 1 Inc., which is incorporated in the State of Delaware and maintains its principal place of business in Pennsylvania;

    b.   Nouryon US Holding 2 Inc., which is incorporated in the State of Delaware and maintains its principal place of business in Pennsylvania; and

    c.   Nouryon US Holding 4 Inc., which is incorporated in the State of Delaware and maintains its principal place of business in Pennsylvania.

5.     Plaintiff Dennis Crimmins is a former employee of Defendant Nouryon Surface Chemistry LLC whose employment ended on or about February 26, 2021. At the time his employment with Nouryon Surface Chemistry LLC ended, Plaintiff's annual base salary was One Hundred Sixty-Nine Thousand Ninety-Nine Dollars ($169,099.00).

6.     I declare under penalty of perjury that the foregoing is true and correct.

Executed this **11th** day of **January**, **2022**.

*/s/ Meg Jones*  
MEG JONES

Exhibit 6

## *Shujun Qiu v. Three Rivers Provider Network Inc; 2019 Jury Verdicts LEXIS 125757*

37-2017-00035446-CU-WT-CTL

October 15, 2019

**Headline:**    Employee claimed she was fired for being a whistleblower

**Topic:** Employment - Retaliation - Employment - Whistleblower - Contracts - Breach of Contract - Employment - Wrongful Termination

**Injury:** mental/psychological, anxiety, insomnia, depression, emotional distress

**Practice Area:** Labor and Employment Law

**State:** California

**Court:** Superior Court of San Diego County, San Diego

**Plaintiff Counsel**

Justin O. Walker

Firm Name: Walker Law Group

Address: San Diego, CA

Plaintiff Name: (Shujun Qiu)

Jared A. Veliz

Firm Name: Walker Law Group

Address: San Diego, CA

Plaintiff Name: (Shujun Qiu)

**Defendant Counsel**

Richard B. Azada

Firm Name: Jackson Lewis

Address: Irvine, CA"

Michael A. Hood

Firm Name: Jackson Lewis

Address: Irvine, CA"

**Judge:** John S. Meyer

**Case Summary**

On Aug. 25, 2017, plaintiff Shujun Qiu, a corporate treasurer for Three Rivers Provider Network Inc., was terminated from her position. Qiu was hired by Three Rivers to act as its controller in April 2017. Qiu claimed that she and the company entered into a contract that stated that Qiu was employed at-will, but that if she was terminated, she would be provided 30 days' notice. Qiu was later made the company's corporate treasurer, but she was terminated after five months. Qiu claimed that she was terminated in retaliation for being a whistleblower and reporting sexual harassment of another employee. In addition, she claimed that she was terminated without being give 30 days' notice. Qiu sued Three Rivers Provider Network Inc., alleging that the company's actions constituted a breach of contract, wrongful termination and whistleblower retaliation. She also alleged

Ashleigh Kasper

Shujun Qiu v. Three Rivers Provider Network Inc; 2019 Jury Verdicts LEXIS 125757

that the company's actions constituted violations of the Labor Code and the Business and Professions Code. Qiu claimed that she was terminated in retaliation for disclosing illegal conduct by the company's founder and owner. She claimed that the owner asked her to liquidate a subsidiary bank account, which she believed was illegal, and that she was terminated for disclosing the request to management and refusing to liquidate the account. She further claimed that the company terminated her because it believed that she would report the illegal conduct to authorities. Qiu claimed that another reason for her termination was because she complained to human resources about the owner's alleged sexual harassment of another employee. Qiu further claimed that she was not given 30 days' notice before her termination and that, at the time of her termination, no payment was provided to her in lieu of such notice. In addition, Qiu claimed that the company's chief executive officer asked her to sign a waiver and release of her claims and initially refused to pay her final wages owed unless she signed the document. She claimed that when she refused and drew attention to the CEO's attempts, the CEO attempted to get her to sign a confidentiality agreement that, she claimed, said she was aware of no "accounting irregularities nor [had she] reported any." Qiu admitted that Three Rivers ultimately paid her the final wages owed, but she claimed that she was only paid approximately one week after she sued. Defense counsel argued that Qiu never reported sexual harassment and that Qiu was not a whistleblower, as the alleged conduct she was asked to engage in was neither illegal nor did Qiu believe it to be illegal. Instead, defense counsel contended that Three Rivers lawfully terminated Qiu because it eliminated her position and outsourced her job duties. Counsel also contended that Qiu was terminated because the company did not trust her.

**Injury Text:**     Qiu claimed that she excelled at her job and that she was given a raise and made the company's corporate treasurer. She also claimed there were no complaints about her job performance prior to her termination. Qiu claimed she suffers from emotional distress, including sleeplessness, anxiety and depression. Qiu sought recovery of past and future lost earnings, and damages for her emotional distress. She also sought recovery of punitive damages against Three Rivers for the conduct she endured.

**Trial Length**     7 days

**Jury Deliberation**     2 days

**Insurer:**

**Plaintiff Amounts:**     (<B>Shujun Qiu</B>$400,000 Personal Injury: Punitive Exemplary Damages$354,234 Personal Injury: Past Lost Earnings Capability$800,000 Personal Injury: FutureLostEarningsCapability$1,500,000 Personal Injury: Past Pain And Suffering$1,000,000 Personal Injury: Future Pain And Suffering$17,118 Personal Injury: Labor Code waiting time penalties$1,050 Personal Injury: breach of contract)

**Plaintiff Expert(s)**

Anthony E. Reading, Ph.D.

Address: Beverly Hills, CA

Specialty: Psychology/Counseling

Anthony E. Reading, Ph.D.

Address: Beverly Hills, CA

Specialty: Psychology/Counseling

Heather H. Xitco, C.P.A., L.E.C.G.

Address: San Diego, CA

Specialty: Economics

Heather H. Xitco, C.P.A., L.E.C.G.

Address: San Diego, CA

Specialty: Economics

**Award:** $ 4,072,402

Ashleigh Kasper

Shujun Qiu v. Three Rivers Provider Network Inc; 2019 Jury Verdicts LEXIS 125757

**Award Details:**      The jury found in favor on Qiu on her remaining claims. It determined that Qiu's damages totaled $4,072,402.

*www.verdictsearch.com/index.jsp*

Copyright 2020 ALM Media Properties, LLC.
All Rights Reserved
Further duplication without permission is prohibited
v19

**End of Document**

Ashleigh Kasper

Exhibit 7

## *Maria Guerrero v. Able Engineering Management Co. LLC, Ableserve Management Company and Jones Lang Lasalle Brokerage Inc; 2019 Jury Verdicts LEXIS 12915*

37-2017-00020532-CU-WT-CTL

April 03, 2019

**Headline:** Janitor Claimed Bad Reviews Began After Taking Off for Doctor

**Published Date:** June 17, 2019

**Topic:** Employment - Retaliation - Employment - Disability Discrimination - Discrimination - Fair Housing Act

**Injury:** Emotional Distress

**Practice Area:** Civil Rights Law

**State:** California

**Court:** Superior Court of San Diego County, San Diego

**Plaintiff Counsel**

Josh Gruenberg

Firm Name: Gruenberg Law

Address: San Diego, CA

Plaintiff Name: (Maria Guerrero)

Josh Pang

Firm Name: Gruenberg Law

Address: San Diego, CA

Plaintiff Name: (Maria Guerrero)

Pam Vallero

Firm Name: Gruenberg Law

Address: San Diego, CA

Plaintiff Name: (Maria Guerrero)

**Defendant Counsel**

Jennifer M. Hendricks

Firm Name: Ogletree Deakins Nash Smoak & Stewart PC

Address: San Diego, CA

Defendant Name: (1 Able Engineering Management Co. LLC dba Able Engineering, Able Engineering, Jones Lang Lasalle Brokerage Inc.)

Frank L. Tobin

Firm Name: Ogletree Deakins Nash Smoak & Stewart PC

Address: San Diego, CA

Maria Guerrero v. Able Engineering Management Co. LLC, Ableserve Management Company and Jones Lang Lasalle Brokerage Inc; 2019 Jury Verdicts LEXIS 12915

Defendant Name: (1 Able Engineering Management Co. LLC dba Able Engineering, Able Engineering, Jones Lang Lasalle Brokerage Inc.)

Catherine J. Gallagher

Firm Name: Ogletree Deakins Nash Smoak & Stewart PC

Address: San Diego, CA

Defendant Name: (1 Able Engineering Management Co. LLC dba Able Engineering, Able Engineering, Jones Lang Lasalle Brokerage Inc.)

**Judge:** Kenneth J. Medel

**Case Summary**

In 2017, plaintiff Maria Guerrero, a janitor at 655 W. Broadway, in downtown San Diego, was terminated from her position. She claimed she was fired after taking time off from work to go to doctor's appointments for her shoulder injury.

Guerrero sued Crown Energy Services Inc. (which was initially erroneously sued as Able Engineering Management Co. LLC) and Ableserve Management Co., both of which were believed to be doing business as Able Engineering. She also sued Jones Lang LaSalle Americas Inc. (which was initially erroneously sued as Jones Lang LaSalle Brokerage Inc.). Guerrero alleged that the defendants' actions constituted disability discrimination and retaliation.

Plaintiff's counsel contended that although Guerrero received positive reviews for the first 10.5 years of her employment, Guerrero's employers suddenly began to retaliate against her with concocted write-ups, unwarranted suspensions without pay, bogus investigations,  and her ultimate termination. In the last half-year of Guerrero's employment, she received four written warnings, including two suspensions, before being terminated. Plaintiff's counsel contended that the bad reviews began after Guerrero started to take off of work for doctor's appointments.

Defense counsel maintained that the disciplinary actions were justified and that Guerrero's termination was, in fact, a "layoff." Counsel also disputed that Guerrero suffered a disability.

**Injury Text:**

Guerrero claimed that she suffers from emotional distress as a result her termination. She sought recovery of economic damages for her past and future lost wages, noneconomic damages for her past and future emotional pain and suffering, and punitive damages.

**Trial Length**

3.0 weeks

**Jury Deliberation**

2.0 days

**Jury Poll**

11-1

**Post Trial Status**

Plaintiff's counsel's motion for attorney's fees is pending.

| PLAINTIFF NAME | PROPERTY AWARD |
|---|---|
| Maria Guerrero | $ 1,107,856 |

**Plaintiff Amounts:**

Maria Guerrero v. Able Engineering Management Co. LLC, Ableserve Management Company and Jones Lang Lasalle
Brokerage Inc; 2019 Jury Verdicts LEXIS 12915

(Maria Guerrero)

$900,000 Personal Injury: Punitive Exemplary Damages

$19,494 Personal Injury: Past Lost Earnings Capability

$38,362 Personal Injury: FutureLostEarningsCapability

$100,000 Personal Injury: past noneconomic damages

$50,000 Personal Injury: future noneconomic damages

**Plaintiff Expert(s)**

Emily S. Churchill, M.D.

Address: San Diego, CA

Specialty: Internal Medicine

Affiliation: treating doctor, Josh Gruenberg, Pam Vallero, Josh Pang

**Award:** $ 1,107,856

**Award Details:** The jury rendered a mixed verdict. It found that while Jones Lang LaSalle was a joint employer, it did not have separate knowledge of Guerrero's alleged disability. However, the jury found for Guerrero on all of her claims against the Able defendants. It determined that Guerrero's damages totaled $1,107,855.60.

*www.verdictsearch.com/index.jsp*

Copyright 2019 ALM Media Properties, LLC.
 All Rights Reserved
 Further duplication without permission is prohibited
California Reporter Vol. 18

**End of Document**

Ashleigh Kasper