1 **LEWIS BRISBOIS BISGAARD & SMITH LLP**
ASHLEIGH R. KASPER, SB# 294963
2   E-Mail: Ashleigh.Kasper@lewisbrisbois.com
TIMOTHY J. WATSON, SB# 131650
3   E-Mail: Tim.Watson@lewisbrisbois.com
633 West 5th Street, Suite 4000
4 Los Angeles, California 90071
Telephone: 213.250.1800
5 Facsimile: 213.250.7900

6

7 **THOMPSON HINE LLP**
MEGAN S. GLOWACKI, (*Pro Hac Vice*)
  E-Mail: Megan.Glowacki@ThompsonHine.com
8 ANTHONY P. McNAMARA, (*Pro Hac Vice*)
  E-Mail: Anthony.McNamara@ThompsonHine.com
9 312 Walnut Street, Suite 2000
Cincinnati, Ohio 45202
10 Telephone: 513.352.6700
Facsimile: 513.241.4771
11
Attorneys for Defendant,
12 NOURYON SURFACE CHEMISTRY
LLC
13

14 UNITED STATES DISTRICT COURT

15 SOUTHERN DISTRICT OF CALIFORNIA

16

17 DENNIS CRIMMINS,

18       Plaintiff,

19       vs.

20 NOURYON SURFACE CHEMISTRY,
LLC, a California Limited Liability
21 Company; THE CARLYLE GROUP,
INC., a California Corporation;
22 CHARLIE SHAVER; an Individual; '
SUZANNE M. CARROLL, an
23 Individual; BAHAR AZIMIPOUR, an
Individual;' and DOES 1 through 25,
24 Inclusive,

25       Defendant.

| | |
|---|---|
| Case No. 22-cv-00058-BAS-BLM | |

**ANSWER OF DEFENDANT
NOURYON SURFACE
CHEMISTRY LLC**

Trial Date:       None Set

26

27       Defendant NOURYON SURFACE CHEMISTRY LLC ("Defendant" or

28 "Nouryon"), by and through their undersigned attorneys, hereby submit the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

1 following Answer and Affirmative Defenses to Plaintiff DENNIS CRIMMINS'

2 ("Plaintiff") Complaint ("Complaint").

3 <center>**SUMMARY**</center>

4      1.      Nouryon admits that the Complaint purports to commence an action

5 against it, and that it also purports to commence an action against The Carlyle

6 Group, Inc. ("Carlyle") and Nouryon employees Charles Shaver, Bahar Azimipour,

7 and Suzanne Carroll (the "Individuals"), all of whom have since been dismissed

8 from this action, with prejudice (ECF No. 21). Nouryon denies all remaining

9 allegations set forth in Paragraph 1 of the Complaint.

10      2.      The allegations set forth in Paragraph 2 of the Complaint assert legal

11 conclusions to which no response is required. To the extent a response is required,

12 Nouryon denies the allegations in Paragraph 2 including, specifically, all allegations

13 of discrimination or harassment.

14      3.      To the extent Paragraph 3 of Plaintiff sets forth legal conclusions, no

15 response is required. If one is required, Nouryon admits Plaintiff's Complaint

16 purports to bring this action against Nouryon, Carlyle, and the Individuals for

17 economic, non-economic, compensatory, and punitive damages pursuant to Civil

18 Code § 3294, pre-judgment interest pursuant to Code of Civil Procedure § 3291, and

19 costs and reasonable attorneys' fees pursuant to Government Code § 12965(b) and

20 Code of Civil Procedure 1021.5. Nouryon denies any remaining allegations in

21 Paragraph 3 of the Complaint and specifically denies Plaintiff is entitled to any of

22 the relief requested.

23 <center>**PARTIES**</center>

24      4.      Nouryon lacks knowledge or information sufficient to form a belief as

25 to the truth of the allegations in Paragraph 4 of the Complaint and therefore denies

26 them.

27      5.      To the extent this paragraph sets forth legal conclusions, no response is

28 required. If one is required, Nouryon admits that, during the course of Plaintiff's

1  employment with Nouryon, it employed individuals working in California.
2  Nouryon further admits that it employed Plaintiff from in or around October 2018
3  until it terminated his employment on or about February 26, 2021 and that when
4  Plaintiff's employment with Nouryon terminated, he was working in or near San
5  Diego County, California. All remaining allegations set forth in Paragraph 5 of the
6  Complaint are denied.

7       6.       Nouryon states the allegations in Paragraph 6 of the Complaint relate
8  solely to a party that has been dismissed from this action and therefore no response
9  is required. If one is required, Nouryon states that it is without knowledge or
10  information sufficient to form a belief as to the allegations of Paragraph 6 and
11  therefore denies them.

12       7.       The allegations set forth in Paragraph 7 of the Complaint assert legal
13  conclusions to which no response is required. If one is required, Nouryon denies the
14  allegations in Paragraph 7.

15       8.       Nouryon admits that Mr. Shaver is a resident of the Commonwealth of
16  Pennsylvania. All remaining allegations set forth in Paragraph 8 of the Complaint
17  are denied.

18       9.       Nouryon admits that Suzanne M. Carroll is the Global Vice President
19  of Home and Personal Care Development at Nouryon. Nouryon admits that Ms.
20  Carroll is a resident of the Commonwealth of Pennsylvania and has been a resident
21  of that Commonwealth since at least December 2019. Nouryon states that it lacks
22  knowledge or information sufficient to form a belief as to the truth of whether Ms.
23  Carroll was a resident of the Commonwealth of Pennsylvania prior to that date. All
24  remaining allegations set forth in Paragraph 9 of the Complaint are denied.

25       10.       Nouryon denies that Bahar Azimipour's job title at Nouryon is that of
26  Regional Sales Manager. Nouryon admits that Ms. Azimipour is a resident of the
27  Commonwealth of Pennsylvania and has been a resident of that Commonwealth
28  since at least August 3, 2020. Nouryon states that it lacks knowledge or information

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4867-8113-8962.2                                    3                          Case No. 22-cv-00058-BAS-BLM
ANSWER OF DEFENDANT NOURYON SURFACE CHEMISTRY LLC

sufficient to form a belief as to the truth of whether Ms. Azimipour was a resident of the Commonwealth of Pennsylvania prior to that date. All remaining allegations set forth in Paragraph 10 of the Complaint are denied.

11.     Paragraph 11 of the Complaint does not include any allegations requiring a response. If one is required, Nouryon denies the allegations set forth in Paragraph 11.

12.     The allegations set forth in Paragraph 12 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 12.

## JURISDICTION AND VENUE

13.     The allegations set forth in Paragraph 13 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 13. However, Nouryon does not contest venue of this matter in the United States District Court for the Southern District of California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.     The Right-to-Sue Notice attached to the Complaint as Exhibit A is a written document that speaks for itself. Nouryon is without knowledge or information sufficient to form a belief as to whether Plaintiff filed a charge of discrimination with the DFEH. The remaining allegations set forth in Paragraph 14 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies those allegations.

15.     The allegations set forth in Paragraph 15 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 15.

## FACTUAL ALLEGATIONS

16.     Nouryon incorporates its admissions and denials to the foregoing Paragraphs as if fully set forth herein.

17.     Nouryon is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies them.

18.     Nouryon is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and therefore denies them.

19.     Nouryon is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and therefore denies them.

20.     Nouryon admits that in October 2018, multiple private equity investment funds that are managed by direct and/or indirect subsidiaries of Carlyle acquired Akzo Nobel N.V.'s Specialty Chemicals business and subsequently renamed it "Nouryon," and further admits that Defendant Nouryon Surface Chemistry LLC is a wholly owned subsidiary of the Nouryon parent entity that was acquired by Carlyle-managed private equity investment funds. All remaining allegations set forth in Paragraph 20 of the Complaint are denied.

21.     Nouryon denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Nouryon denies that Plaintiff worked for Nouryon for over 24 years, or that Plaintiff worked for Nouryon at any time prior to October 2018. Nouryon has only existed since 2018.  Nouryon admits that, during Plaintiff's employment with Nouryon, it paid him certain bonuses and increased his base salary on occasion. Nouryon denies the remaining allegations set forth in Paragraph 22 of the Complaint.

23.     Nouryon is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "heard" and therefore denies those allegations. Nouryon denies all remaining allegations in Paragraph 23 of the Complaint, including specifically denying that it created, implemented, or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

enforced any discriminatory or otherwise illegal employment policies.

24.     Nouryon is without knowledge or information sufficient to form a belief as to the truth of what Mr. Jirak allegedly told Plaintiff in or around March 2019. Nouryon denies all remaining allegations set forth in Paragraph 24 of the Complaint, including specifically denying that it created, implemented, or enforced any discriminatory or otherwise illegal employment policies.

25.     Nouryon admits that Mr. Jirak voluntarily resigned his employment with Nouryon in or around April 2019, and that Plaintiff subsequently reported to AB Gohsh. All remaining allegations set forth in Paragraph 25 of the Complaint are denied.

26.     Nouryon denies the allegations set forth in Paragraph 26 of the Complaint.  Specifically, in the period leading up to Plaintiff's termination of employment he exhibited multiple performance failures including a lack of diligence, lack of responsibility, unwillingness to follow instructions from his supervisor, and acting beyond his authority and against Nouryon's interests.

27.     Nouryon is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff was "persuaded" to remain employed with Nouryon in or around June 2019, whether Plaintiff was inclined to leave Nouryon's employment at that time, or any of the alleged contents of the conversation between Plaintiff and Mr. Gohsh as alleged in Paragraph 27 of the Complaint. Plaintiff admits that during the period when he reported to Mr. Gohsh, Plaintiff was offered and accepted a retention bonus of approximately $45,000.00. All remaining allegations set forth in Paragraph 27 of the Complaint are denied.

28.     Nouryon is without knowledge or information sufficient to form a belief as to the truth of the contents of Plaintiff's alleged conversation with Mr. Gohsh as described in Paragraph 28 of the Complaint and therefore denies that allegation. All remaining allegations set forth in Paragraph 28 are denied.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4867-8113-8962.2                                  6                    Case No. 22-cv-00058-BAS-BLM
ANSWER OF DEFENDANT NOURYON SURFACE CHEMISTRY LLC

29.    Nouryon admits the allegations set forth in Paragraph 29 of the Complaint.

30.    Nouryon is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the injuries suffered by Plaintiff's son, their nature, or the circumstances under which they were sustained, and therefore denies those allegations. Nouryon admits that Plaintiff rejected offers from Nouryon for him to take family and medical leave to care for his son at the hospital and that Plaintiff instead expressed his desire to work full time while providing such care. Nouryon further admits that Plaintiff asked for flexibility in his schedule during this period, but denies that he asked for "understanding." All remaining allegations set forth in Paragraph 30 of the Complaint are denied.

31.    Nouryon denies the allegations set forth in Paragraph 31 of the Complaint.

32.    Nouryon is without knowledge or information sufficient to form a belief as to the truth of what Plaintiff "learned through one of the finance analysts," whether any finance analyst called Plaintiff, or what such finance analyst allegedly "conveyed," and therefore denies those allegations. Nouryon admits that Plaintiff was responsible for attending monthly business line meetings and, in situations when he could not attend those meetings, he was responsible for ensuring that someone else from his team was present to attend those meetings and prepared to participate, and further admits that after Plaintiff failed to attend a March 2020 business line meeting and failed to provide a prepared replacement, Ms. Carroll expressed that either Plaintiff or a replacement needed to attend. All remaining allegations set forth in Paragraph 33 of the Complaint are denied.

33.    Nouryon is without knowledge or information sufficient to form a belief as to the truth of the alleged conversations involving Plaintiff and coworkers and therefore denies those allegations. Nouryon denies the remaining allegations set forth in Paragraph 33 of the Complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

34.     Nouryon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore denies them.

35.     Nouryon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore denies them.

36.     Nouryon admits that two employees who reported to Plaintiff went on maternity leave in early 2020. While Nouryon admits that Plaintiff "covered" these employees' accounts during their leave, Nouryon denies that such coverage required significant time or any proactive activity from Plaintiff, as opposed to simply responding to customer calls or questions. Nouryon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36 of the Complaint and therefore denies them.

37.     Nouryon admits that when Ms. Carroll first began working for Nouryon and Plaintiff began reporting to Ms. Carroll, Ms. Carroll and Plaintiff discussed Plaintiff's request to continue living in California instead of relocating to the Eastern United States, and that as part of Ms. Carroll's agreement to accommodate Plaintiff's preference of living in California, Ms. Carroll advised and Plaintiff agreed, that he would need to be available for global calls early in the morning. Nouryon further admits that such calls arose during the time Plaintiff was allegedly caring for his son, that having refused Nouryon's offer of leave Plaintiff was often expected to attend these calls or have a replacement attend, and that because such calls had several attendees across the globe they could not be rescheduled. Nouryon is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff was "dismayed" and therefore denies that allegation. All remaining allegations set forth in Paragraph 37 of the Complaint are denied.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

38.     Nouryon denies the allegations set forth in Paragraph 38 of the Complaint.

39.     Nouryon admits that, as with other performance reviews, Ms. Carroll provided certain positive feedback to Plaintiff during his 2019 mid-year performance review. Nouryon further admits that this review occurred on or about July 9, 2019, that it occurred by phone, and that during the review Ms. Carroll thanked Plaintiff for covering the accounts of Plaintiff's subordinates while they were on leave. Nouryon further admits it intended to eliminate the position of Sales Leader of Personal Care Products and that it intended to combine that role with leadership over Home Care Products to have a single leader over both product lines in North America. Nouryon further admits that due to Plaintiff's poor managerial performance, and in lieu of terminating Plaintiff's employment in connection with the elimination of his position, Ms. Carroll proposed to move Plaintiff into a new role of Channel Development Manager where he would have less managerial and administrative responsibilities and could focus more on distribution and certain key global accounts, and further admits that this move was to be initially classified as a lateral move. Nouryon further admits that Ms. Carroll extended Plaintiff a retention bonus offer of approximately $40,000 that was conditional upon Plaintiff meeting certain key performance indicators, including his assistance with the transition of Plaintiff's team to a new manager, Bahar Azimipour. All remaining allegations set forth in Paragraph 39 of the Complaint are denied.

40.     Nouryon admits the allegations set forth in Paragraph 40 of the Complaint.

41.     Nouryon admits that Plaintiff's job description for his role as Channel Development Manager was not finalized as of August 3, 2020. Nouryon states that it lacks knowledge or information sufficient to form a belief as to Plaintiff's "dismay" and, therefore, denies that allegation. All remaining allegations set forth in Paragraph 41 of the Complaint are denied.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

42.     Nouryon admits that, on or about September 3, 2020, Ms. Azimipour told Plaintiff that she required additional time to prepare a proposed job description for Plaintiff's role as Channel Development Manager. Nouryon further admits that Ms. Azimipour committed to providing a proposed job description to Plaintiff by the end of September 2020. All remaining allegations set forth in Paragraph 42 of the Complaint are denied.

43.     Nouryon denies the allegations set forth in Paragraph 43 of the Complaint.

44.     Nouryon states that it is without knowledge or information sufficient to form a belief as to what Plaintiff "noticed" and, therefore, denies that allegations. All remaining allegations set forth in Paragraph 44 of the Complaint are denied.

45.     Nouryon denies the allegations set forth in Paragraph 45 of the Complaint.

46.     Nouryon denies the allegations set forth in Paragraph 46 of the Complaint.

47.     Nouryon denies the allegations set forth in Paragraph 47 of the Complaint.

48.     Nouryon admits the allegations set forth in Paragraph 48 of the Complaint.

49.     Nouryon admits that on or about December 4, 2020, Plaintiff approached Suzanne Carroll and claimed that his 2019 short-term incentive bonus had been miscalculated, and that Ms. Carroll responded that his 2019 bonus had been properly calculated. Nouryon is without knowledge or information sufficient to form a belief as to the truth of what Plaintiff "believed" and therefore denies those allegations. Nouryon admits that Plaintiff routinely contacted Astrid Thompkins to vent and express dissatisfaction with his current manager, Bahar Azimipour, but denies that Plaintiff ever submitted a complaint to Ms. Thompkins or otherwise to Nouryon's Human Resources. All remaining allegations set forth in Paragraph 49 of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

1  the Complaint are denied.

2      50.    Nouryon is without knowledge or information sufficient to form a
3  belief as to whether Plaintiff took leave on or about December 11, 2020, because
4  Plaintiff repeatedly failed to enter his vacation time into Nouryon's system as
5  required by Nouryon policy, and therefore it denies that allegation. Nouryon admits
6  that Ms. Azimipour would sometimes e-mail Plaintiff while he was on vacation and
7  that she did so with no expectation that Plaintiff would respond while out on
8  vacation or otherwise perform work until he returned. Nouryon denies the remaining
9  allegations set forth in Paragraph 50 of the Complaint.

10     51.    Nouryon denies the allegations set forth in Paragraph 51 of the
11 Complaint.

12     52.    Nouryon admits that Ms. Azimipour met with Plaintiff by phone on or
13 about January 22, 2021 to communicate his annual performance review, and that she
14 gave him a negative overall rating of below target. Nouryon further admits that Ms.
15 Azimipour provided Plaintiff with certain positive feedback during his review, but
16 denies that she "praised Plaintiff for his excellent work performance[.]" Nouryon
17 states that it is without knowledge or information sufficient to form a belief as to the
18 truth of how Plaintiff "felt" about his performance review or the reasons for those
19 feelings, and, therefore, denies those allegations. Nouryon admits that Plaintiff told
20 Ms. Azimipour in response that he intended to appeal the review to Human
21 Resources. Nouryon denies the remaining allegations set forth in Paragraph 52 of
22 the Complaint.

23     53.    Nouryon is without knowledge or information sufficient to form a
24 belief as to whether Plaintiff took leave on or about February 17 and 18, 2021,
25 because Plaintiff repeatedly failed to enter his vacation time into Nouryon's system
26 as required by Nouryon policy, practice and/or procedure, and therefore it denies
27 that allegation. Nouryon states that it is without knowledge or information sufficient
28 to form a belief as to the remaining allegations set forth in Paragraph 53 and,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4867-8113-8962.2                    11                    Case No. 22-cv-00058-BAS-BLM
ANSWER OF DEFENDANT NOURYON SURFACE CHEMISTRY LLC

therefore, denies them.

54.     To the extent Paragraph 54 of the Complaint alleges that any leave Plaintiff took between February 17 and 18, 2021 qualified for protection under state or federal law, it asserts legal conclusions for which no response is required. If one is required, Nouryon denies those allegations. Nouryon admits that Ms. Azimipour attempted to contact Plaintiff on or about February 17, 2021 to follow-up on the status of Plaintiff providing certain information Ms. Azimipour required prior to a meeting set for that day because Plaintiff had failed for a week to provide it. Nouryon is without knowledge or information sufficient to form a belief as to whether Plaintiff took personal leave on or about February 17, 2021, because Plaintiff repeatedly failed to enter his vacation time into Nouryon's system as required by Nouryon policy, and therefore it denies that allegation. Nouryon denies all remaining allegations set forth in Paragraph 54.

55.     Nouryon admits that Ms. Azimipour contacted Plaintiff on or about February 24, 2021, to ask why Plaintiff unilaterally cancelled a contract with a distributor valued at over one million dollars without prior approval from Nouryon to do so, and that she instructed Plaintiff not to communicate further with that specific distributor. Nouryon denies that Plaintiff provided any explanation for his decision to do so. Nouryon states that it is without knowledge or information sufficient to form a belief as to whether Plaintiff was "surprised" and, therefore, denies that allegation. Nouryon denies all remaining allegations set forth in Paragraph 55 of the Complaint.

56.     Nouryon admits that Plaintiff told Astrid Thompkins on or around February 24, 2021, that he believed Nouryon was upset with him because, according to Plaintiff, Nouryon was self-insured and the care his son required was costing Nouryon a significant sum of money. Nouryon denies that Plaintiff's belief has any basis in fact, and denies all remaining allegations set forth in Paragraph 56 of the Complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

57.     Nouryon admits that it terminated Plaintiff's employment effective February 26, 2021. Nouryon denies all remaining allegations set forth in Paragraph 57 of the Complaint.

58.     To the extent this paragraph sets forth legal conclusions, no response is required. If one is required, Nouryon denies the allegations set forth in Paragraph 58 of the Complaint.

59.     The allegations set forth in Paragraph 59 of the Complaint assert legal conclusions to which no response is required. If one is required, Nouryon denies the allegations in Paragraph 59.

## FIRST CAUSE OF ACTION

## BREACH OF EMPLOYMENT CONTRACT

60.     Nouryon incorporates its admissions and denials to the foregoing Paragraphs as if fully set forth herein.

61.     The allegations in Paragraph 61 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 61.

62.     Nouryon denies the allegations in Paragraph 62 of the Complaint.

63.     The allegations in Paragraph 63 assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 63.

64.     The allegations in Paragraph 64 assert legal conclusions to which no response is required. To the extent a response is required, Nouryon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of what Plaintiff "expected" and therefore denies those allegations. Further answering, Nouryon denies that it terminated Plaintiff's employment for any reason alleged by plaintiff.  Rather, Plaintiff's employment was terminated due to Plaintiff's significant performance failures. All remaining allegations set forth in Paragraph 64 of the Complaint are denied.



65.     The allegations in Paragraph 65 assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 65.

66.     The allegations in Paragraph 66 assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 66.

## SECOND CAUSE OF ACTION

## AGE DISCRIMINATION

67.     Nouryon incorporates its admissions and denials to the foregoing Paragraphs as if fully set forth herein.

68.     The allegations in Paragraph 68 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon admits that it employed Plaintiff from October 2018 until February 26, 2021, and further states Section 12926(c) of the California Government Code and Sections 12940(a) and (c) of the California Government Code speak for themselves. All remaining allegations in Paragraph 68 are denied.

69.     The allegations in Paragraph 69 assert legal conclusions to which no response is required. To the extent a response is required, Nouryon admits that it employed Plaintiff from October 2018 until February 26, 2021, and further states Section 12926(d) of the California Government Code and Sections 12940(a) and (c) of the California Government Code speak for themselves. All remaining allegations in Paragraph 69 are denied.

70.     The allegations in Paragraph 70 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 70.

71.     The allegations in Paragraph 71 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 71.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4867-8113-8962.2                14                Case No. 22-cv-00058-BAS-BLM
ANSWER OF DEFENDANT NOURYON SURFACE CHEMISTRY LLC

72.     The allegations in Paragraph 72 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 72.

## THIRD CAUSE OF ACTION

## ASSOCIATIONAL DISABILITY DISCRIMINATION

73.     Nouryon incorporates its admissions and denials to the foregoing Paragraphs as if fully set forth herein.

74.     The allegations in Paragraph 74 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon admits that it employed Plaintiff from October 2018 until February 26, 2021, and further states Section 12926(c) of the California Government Code and Sections 12940(a) and (c) of the California Government Code speak for themselves. All remaining allegations in Paragraph 74 are denied.

75.     The allegations in Paragraph 75 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon admits that it employed Plaintiff from October 2018 until February 26, 2021, and further states Section 12926(d) of the California Government Code and Sections 12940(a) and (c) of the California Government Code speak for themselves. All remaining allegations in Paragraph 75 are denied.

76.     The allegations in Paragraph 76 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon states that Sections 12940(a) and (c) of the California Government Code, Article I of the California Constitution, and *Castro-Ramirez v. Dependable Highway Express Inc.* (2016) 2 Cal. App. 5th 1028 speak for themselves. All remaining allegations in Paragraph 76 are denied.

77.     The allegations in Paragraph 77 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

78.     The allegations in Paragraph 78 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations.

## FOURTH CAUSE OF ACTION

## FAILURE TO ACCOMMODATE DISABILITY

79.     Nouryon incorporates its admissions and denials to the foregoing Paragraphs as if fully set forth herein.

80.     The allegations in Paragraph 80 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon admits that it employed Plaintiff from October 2018 until February 26, 2021, and further states Section 12926(c) of the California Government Code and Sections 12940(a) and (c) of the California Government Code speak for themselves. All remaining allegations in Paragraph 80 are denied.

81.     The allegations in Paragraph 81 assert legal conclusions to which no response is required. To the extent a response is required, Nouryon admits that it employed Plaintiff from October 2018 until February 26, 2021 and further states Section 12926(d) of the California Government Code and Sections 12940(a) and (c) of the California Government Code speak for themselves. All the remaining allegations in Paragraph 81 of the Complaint are denied.

82.     Nouryon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint and therefore denies them.

83.     The allegations in Paragraph 83 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84.     The allegations in Paragraph 84 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

85.     The allegations in Paragraph 85 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

## FIFTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS OF ACCOMMODATION

86.     Nouryon incorporates its admissions and denials to the foregoing Paragraphs as if fully set forth herein.

87.     The allegations in Paragraph 87 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon admits that it employed Plaintiff from October 2018 until February 26, 2021 and further states that Section 12926(c) of the California Government Code and Sections 12940(a) and (c) of the California Government Code speak for themselves. All remaining allegations in Paragraph 87 are denied.

88.     The allegations in Paragraph 88 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon admits that it employed Plaintiff from October 2018 until February 26, 2021, and further states that Section 12926(d) of the California Government Code and Sections 12940(a) and (c) of the California Government Code speak for themselves. All remaining allegations in Paragraph 88 are denied.

89.     Nouryon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint and therefore denies them.

90.     The allegations in Paragraph 90 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 90.

91.     The allegations in Paragraph 91 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4867-8113-8962.2                                   17                    Case No. 22-cv-00058-BAS-BLM
ANSWER OF DEFENDANT NOURYON SURFACE CHEMISTRY LLC

1  Nouryon denies the allegations in Paragraph 91.

2        92.    The allegations in Paragraph 92 of the Complaint assert legal

3  conclusions to which no response is required. To the extent a response is required,

4  Nouryon denies the allegations in Paragraph 92.

5  <div align="center">**SIXTH CAUSE OF ACTION**</div>

6  <div align="center">**FAMILY AND MEDICAL LEAVE DISCRIMINATION AND**</div>

7  <div align="center">**RETALIATION**</div>

8        93.    Nouryon incorporates its admissions and denials to the foregoing

9  Paragraphs as if fully set forth herein.

10       94.    The allegations in Paragraph 94 of the Complaint assert legal

11 conclusions to which no response is required. To the extent a response is required,

12 Nouryon states that the Fair Employment and Housing Act, Section 12940 *et seq.* of

13 the Government Code, the California Family Rights Act, and the Family Medical

14 Leave Act speak for themselves. Nouryon denies any remaining allegations in

15 Paragraph 94.

16       95.    Nouryon denies the allegations set forth in Paragraph 95 of the

17 Complaint.

18       96.    The allegations in Paragraph 96 of the Complaint assert legal

19 conclusions to which no response is required. To the extent a response is required,

20 Nouryon denies the allegations in Paragraph 96.

21       97.    The allegations in Paragraph 97 of the Complaint assert legal

22 conclusions to which no response is required. To the extent a response is required,

23 Nouryon denies the allegations in Paragraph 97.

24       98.    The allegations in Paragraph 98 of the Complaint assert legal

25 conclusions to which no response is required. To the extent a response is required,

26 Nouryon denies the allegations in Paragraph 98.

27       99.    The allegations in Paragraph 99 of the Complaint assert legal

28 conclusions to which no response is required. To the extent a response is required,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4867-8113-8962.2          18          Case No. 22-cv-00058-BAS-BLM
ANSWER OF DEFENDANT NOURYON SURFACE CHEMISTRY LLC

1  Nouryon denies the allegations in Paragraph 99.

2      100.    The allegations in Paragraph 100 of the Complaint assert legal

3  conclusions to which no response is required. To the extent a response is required,

4  Nouryon denies the allegations in Paragraph 100.

5      101.    The allegations in Paragraph 101 of the Complaint assert legal

6  conclusions to which no response is required. To the extent a response is required,

7  Nouryon denies the allegations in Paragraph 101.

8      102.    The allegations in Paragraph 102 of the Complaint assert legal

9  conclusions to which no response is required. To the extent a response is required,

10  Nouryon denies the allegations in Paragraph 102.

11  ## SEVENTH CAUSE OF ACTION

12  **WHISTLEBLOWER RETALIATION IN VIOLATION OF LABOR CODE §**
**1102.5**

13

14      103.    Nouryon incorporates its admissions and denials to the foregoing

15  Paragraphs as if fully set forth herein.

16      104.    The allegations in Paragraph 104 of the Complaint assert legal

17  conclusions to which no response is required. To the extent a response is required,

18  Nouryon denies the allegations in Paragraph 104.

19      105.    The allegations in Paragraph 105 of the Complaint assert legal

20  conclusions to which no response is required. To the extent a response is required,

21  Nouryon denies the allegations in Paragraph 105.

22      106.    The allegations in Paragraph 106 of the Complaint assert legal

23  conclusions to which no response is required. To the extent a response is required,

24  Nouryon denies the allegations in Paragraph 106.

25      107.    The allegations in Paragraph 107 of the Complaint assert legal

26  conclusions to which no response is required. To the extent a response is required,

27  Nouryon denies the allegations in Paragraph 107.

28  / / /



# EIGHTH CAUSE OF ACTION

## RETALIATION FOR COMPLAINTS OF DISCRIMINATION AND HARASSMENT

108.   Nouryon incorporates its admissions and denials to the foregoing Paragraphs as if fully set forth herein.

109.   The allegations in Paragraph 109 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 109.

110.   The allegations in Paragraph 110 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 110.

111.   The allegations in Paragraph 111 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 111.

# NINTH CAUSE OF ACTION

## KIN CARE LEAVE DISCRIMINATION AND RETALIATION IN VIOLATION OF LABOR CODE § 233

112.   Nouryon incorporates its admissions and denials to the foregoing Paragraphs as if fully set forth herein.

113.   The allegations in Paragraph 113 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon admits that it employed Plaintiff from October 2018 until February 26, 2021, and further states that Section 12926(c) of the California Government Code and Sections 12940(a) and (c) of the California Government Code speak for themselves. All remaining allegations in Paragraph 113 are denied.

114.   The allegations in Paragraph 114 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon admits that it employed Plaintiff from October 2018 until February 26, 2021, and further states that Section 12926(d) of the California Government Code,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

1   Sections 12940(a) and (c) of the California Government Code, and Section 233 of

2   the California Labor Code speak for themselves. All remaining allegations in

3   Paragraph 114 are denied.

4       115.   The allegations in Paragraph 115 of the Complaint assert legal

5   conclusions to which no response is required. To the extent a response is required,

6   Nouryon denies the allegations in Paragraph 115.

7       116.   The allegations in Paragraph 116 of the Complaint assert legal

8   conclusions to which no response is required. To the extent a response is required,

9   Nouryon denies the allegations in Paragraph 116.

10      117.   The allegations in Paragraph 117 of the Complaint assert legal

11  conclusions to which no response is required. To the extent a response is required,

12  Nouryon denies the allegations in Paragraph 117.

13                    **TENTH CAUSE OF ACTION**

14           **SICK LEAVE DISCRIMINATION AND RETALIATION**

15      118.   Nouryon incorporates its admissions and denials to the foregoing

16  Paragraphs as if fully set forth herein.

17      119.   The allegations in Paragraph 119 of the Complaint assert legal

18  conclusions to which no response is required. To the extent a response is required,

19  Nouryon admits that it employed Plaintiff from October 2018 until February 26,

20  2021, and further states that Section 12926(c) of the California Government Code

21  and Sections 12940(a) and (c) of the California Government Code speak for

22  themselves. All remaining allegations in Paragraph 119 are denied.

23      120.   The allegations in Paragraph 120 of the Complaint assert legal

24  conclusions to which no response is required. To the extent a response is required,

25  Nouryon admits that it employed Plaintiff from October 2018 until February 26,

26  2021, and further states that Section 12926(d) of the California Government Code,

27  Sections 12940(a) and (c) of the California Government Code, and Section 233 of

28  the California Labor Code speak for themselves. All remaining allegations in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

1  Paragraph 120 are denied.

2       121.   The allegations set forth in Paragraph 121 of the Complaint asserts

3  legal conclusions for which no response is required. If one is required, Nouryon

4  admits that Suzanne Carroll directly managed Plaintiff from December 2019 until

5  August 2020, and denies all remaining allegations in Paragraph 121.

6       122.   The allegations in Paragraph 122 of the Complaint assert legal

7  conclusions to which no response is required. To the extent a response is required,

8  Nouryon denies the allegations in Paragraph 122.

9       123.   The allegations in Paragraph 123 of the Complaint assert legal

10  conclusions to which no response is required. To the extent a response is required,

11  Nouryon denies the allegations in Paragraph 123.

12       124.   The allegations in Paragraph 124 of the Complaint assert legal

13  conclusions to which no response is required. To the extent a response is required,

14  Nouryon denies the allegations in Paragraph 124.

15  ## ELEVENTH CAUSE OF ACTION

16  ## WRONGFUL TERMINATION

17       125.   Nouryon incorporates its admissions and denials to the foregoing

18  Paragraphs as if fully set forth herein.

19       126.   The allegations in Paragraph 126 of the Complaint assert legal

20  conclusions to which no response is required. To the extent a response is required,

21  Nouryon denies the allegations in Paragraph 126.

22       127.   The allegations in Paragraph 127 of the Complaint assert legal

23  conclusions to which no response is required. To the extent a response is required,

24  Nouryon denies the allegations in Paragraph 127.

25       128.   The allegations in Paragraph 128 of the Complaint assert legal

26  conclusions to which no response is required. To the extent a response is required,

27  Nouryon denies the allegations in Paragraph 128.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

129.   The allegations in Paragraph 129 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 129.

## TWELFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

130.   Nouryon incorporates its admissions and denials to the foregoing Paragraphs as if fully set forth herein.

131.   The allegations in Paragraph 131 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 131.

132.   The allegations in Paragraph 132 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 132.

133.   The allegations in Paragraph 133 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 133.

134.   The allegations in Paragraph 134 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 134.

135.   The allegations in Paragraph 135 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Nouryon denies the allegations in Paragraph 135.

## THIRTEENTH CAUSE OF ACTION

### NEGLIGENCE

136.   Nouryon incorporates its admissions and denials to the foregoing Paragraphs as if fully set forth herein.

137.   The allegations in Paragraph 137 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4867-8113-8962.2                                     23                         Case No. 22-cv-00058-BAS-BLM

ANSWER OF DEFENDANT NOURYON SURFACE CHEMISTRY LLC

1  Nouryon denies the allegations in Paragraph 137.

2      138.   The allegations in Paragraph 138 of the Complaint assert legal

3  conclusions to which no response is required. To the extent a response is required,

4  Nouryon denies the allegations in Paragraph 138.

5  ## AFFIRMATIVE DEFENSES

6      Defendant has not completed its investigation of the facts of this case, has not

7  completed discovery in this matter, and has not completed its preparation for trial.

8  The defenses stated herein are based on Defendant's knowledge, information, and

9  belief at this time.  Defendant specifically reserves the right to modify, amend, or

10  supplement any defense contained herein at any time. Without conceding that it

11  bears the burden of proof or persuasion as to any one of them, Defendant asserts the

12  following separate affirmative defenses to the Complaint.

13  ## FIRST AFFIRMATIVE DEFENSE

14  ### (Failure to State a Cause of Action)

15      139.   Plaintiff fails to state a claim upon which relief can be granted.

16  ## SECOND AFFIRMATIVE DEFENSE

17  ### (Failure to Mitigate)

18      140.   Plaintiff's claims are barred, in whole or in part, to the extent he has

19  failed to mitigate is damages.

20  ## THIRD AFFIRMATIVE DEFENSE

21  ### (Legitimate, Non-Discriminatory Reasons)

22      141.   Nouryon had a legitimate, non-discriminatory, non-pretextual reason

23  for terminating Plaintiff's employment and otherwise subjecting him to adverse

24  employment action.

25  ## FOURTH AFFIRMATIVE DEFENSE

26  ### (No Contract)

27      142.   Plaintiff failed to attach a copy of the purported contracts which serve

28  as the basis of Count I of his Complaint as required by the Federal Rules of Civil

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4867-8113-8962.2             24             Case No. 22-cv-00058-BAS-BLM
ANSWER OF DEFENDANT NOURYON SURFACE CHEMISTRY LLC

Procedure.

## FIFTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

143.   Defendant and its agents acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known by them at the time they so acted.  Accordingly, Plaintiff is barred from any recovery in this action.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

144.   Plaintiff has waived whatever right he may have had to assert the purported claims contained in the Complaint and each purported cause of action thereof against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

145.   Plaintiff is precluded from recovering the damages alleged in the Complaint because those damages are too vague, uncertain and speculative to permit recovery.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

146.   Plaintiff is barred from maintaining the Complaint and each purported cause of action therein as a result of his unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

## NINTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence Doctrine)

147.   The Complaint is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence that Defendant has presently and/or may acquire during the course of this litigation.

/ / /

/ / /

1    **TENTH AFFIRMATIVE DEFENSE**

2    **(Business Justification)**

3    148.    Defendant's activities undertaken with respect to Plaintiff, if any, were

4    justified as such activities were proper, fair, and legitimate business activities and/or

5    due to business-related reasons which were neither arbitrary, capricious, or

6    unlawful.

7    **ELEVENTH AFFIRMATIVE DEFENSE**

8    **(No Notice)**

9    149.    Plaintiff's claims for relief pursuant to the Fair Employment and

10   Housing Act are barred because Defendant had no notice of any alleged violation

11   thereof.

12   **TWELFTH AFFIRMATIVE DEFENSE**

13   **(Avoidable Consequences)**

14   150.    Plaintiff failed to utilize or exhaust, in good faith, Defendant's

15   reasonable internal grievance procedures, thus failing to avoid the consequences of

16   any alleged discrimination or other alleged unlawful act.

17   **THIRTEENTH AFFIRMATIVE DEFENSE**

18   **(Consent)**

19   151.    Plaintiff, at all relevant times gave her consent, express or implied, to

20   the alleged acts, omissions and conduct of Defendant.

21   **FOURTEENTH AFFIRMATIVE DEFENSE**

22   **(Statute of Limitations)**

23   152.    Certain of Plaintiff's claims are barred in whole or in part to the extent

24   the events complained of took place more than one (1) year prior to the filing of

25   Plaintiff's Complaint with the California Department of Fair Employment and

26   Housing and/or one (1) year or two (2) years prior to the filing of the Complaint in

27   this action, pursuant to California *Government Code* section 12965, subdivision (b)

28   and more than one (1) year, (3) years, or four (4) years prior to the filing of the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4867-8113-8962.2                                    26                    Case No. 22-cv-00058-BAS-BLM

ANSWER OF DEFENDANT NOURYON SURFACE CHEMISTRY LLC

1  Complaint pursuant to California *Code of Civil Procedure* sections 338 and 340.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches)

153.   Plaintiff is barred by the doctrine of laches from pursuing his Complaint and each purported cause of action therein by reason of his inexcusable and unreasonable delay in filing the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

154.   Plaintiff's causes of action are barred as Plaintiff has failed to satisfy the statutory prerequisites to sue and to exhaust administrative remedies under the Fair Employment and Housing Act, *Government Code* section 12940 et seq., *Government Code* section 815 et seq., the Equal Employment Opportunity Commission, 42 U.S.C. section 2000(e), et seq. (Title VII of the Civil Rights Act of 1964), the California *Labor Code*, and/or any other applicable administrative remedy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Anti-Discrimination and Anti-Retaliation Policy)

155.   Defendant alleges that it maintained and enforced a strict anti-discrimination and anti-retaliation policy during the time in which Plaintiff alleges discrimination and retaliation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Use Reasonable Care)

156.   Plaintiff's purported causes of action fail to state facts sufficient to constitute causes of action because Plaintiff willfully breached his duties as an employee, neglected his duties, failed to perform his duties, and/or failed to use reasonable care and diligence in the performance of his employment.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

## NINETEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

157.   Plaintiff is barred from seeking any damages for purported physical, mental or emotional injuries allegedly suffered as a result of his employment in that the sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act, California Labor Code sections 3200-4627.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Good Cause for Termination)

158.   Plaintiff's employment with Defendant was terminated for good cause and sufficient non-discriminatory reasons.  Accordingly, Plaintiff is barred from any recovery in this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Mixed-Motive)

159.   At the time of Plaintiff's termination, there existed a legitimate reason to terminate Plaintiff which, standing alone, would have induced Defendant to make the same decision to terminate Plaintiff.  (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 231.)

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Mixed-Motive)

160.   Plaintiff is precluded from recovery of reinstatement, back pay or damages because of the mixed motive doctrine.  (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 231.)

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Intentional Acts)

161.   The damages stated in the Complaint, if any, were caused by Plaintiff's own intentional or negligent acts. Therefore, Plaintiff's right of recovery is barred or limited.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Essential Functions)

162.  Plaintiff's Complaint is barred, in whole or in part, because he could not perform the essential functions of his job duties.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

163.  Defendant maintains that Plaintiff's Complaint is barred, in whole or in part, because its conduct was privileged as an exercise of its legal right to terminate an at-will employee.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reasonable Accommodations)

164.  Defendant maintains that it made all accommodations that were reasonably necessary to accommodate Plaintiff's or his family member's claimed disability.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Engaged in Good Faith Interactive Process)

165.  Defendant engaged in a timely, good faith, interactive process with Plaintiff to determine if an effective reasonable accommodation was available.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

166.  Defendant maintains that it made all accommodations that were reasonably necessary to accommodate Plaintiff.  However, if any accommodation could not be provided to Plaintiff, it was because providing such an accommodation would have created an undue hardship for Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Intentional Conduct)

167.  Defendant did not engage in intentional conduct entitling Plaintiff to recovery of damages.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4867-8113-8962.2

29

Case No. 22-cv-00058-BAS-BLM

ANSWER OF DEFENDANT NOURYON SURFACE CHEMISTRY LLC

## THIRTIETH AFFIRMATIVE DEFENSE

### (Conduct of Others, Including Plaintiff)

168.   Should it be found that Defendant is liable for any damages stated by Plaintiff, which Defendant specifically denies, Defendant alleges that such damages were proximately caused and/or contributed to by parties other than Defendant, including Plaintiff, whether served or not served in this case, and/or by other persons or entities not presently parties to this action.  It is necessary that the proportionate degree of fault and/or legal responsibility of each and every person or entity be determined and prorated and that any judgment that may be rendered against Defendant be reduced not only by the degree of fault or other legal responsibility attributable to Plaintiff, but by the total of that degree of fault and/or other legal responsibility found to exist as to other person(s) and/or entities as well.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Retaliation)

169.   Defendant's actions toward Plaintiff, if any, did not constitute retaliation for complaining about alleged violations of the law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Pretext)

170.   Defendant alleges that Plaintiff cannot establish that Defendant's articulated reason for Plaintiff's separation of employment was a pretext for unlawful discrimination or retaliation.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Other Defenses)

155.   Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to ascertain any such defenses.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4867-8113-8962.2                     30                     Case No. 22-cv-00058-BAS-BLM
ANSWER OF DEFENDANT NOURYON SURFACE CHEMISTRY LLC

## PRAYER

Wherefore, Defendant prays that:

1. Plaintiff take nothing by the Complaint;

2. Judgment be rendered in favor of Defendant;

3. Defendant be awarded costs of suit; and

4. Defendant be awarded whatever further relief the Court deems just and proper.


DATED: March 4, 2022          LEWIS BRISBOIS BISGAARD & SMITH LLP



By:      /s/ Ashleigh R. Kasper
         Ashleigh R. Kasper
         Timothy J. Watson
         Attorneys for Defendant, NOURYON
         SURFACE CHEMISTRY LLC

DATED: March 4, 2022          THOMPSON HINE LLP



By:      Megan S. Glowacki
         Megan S. Glowacki (*Pro Hac Vice*)
         Anthony P. McNamara (*Pro Hac Vice*)
         Attorneys for Defendant, NOURYON
         SURFACE CHEMISTRY LLC

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 4, 2022, I electronically filed the foregoing **ANSWER OF DEFENDANT NOURYON SURFACE CHEMISTRY LLC** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

Dated: March 4, 2022                         _/s/ Ashleigh Kasper_
                                                           Ashleigh R. Kasper

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP